ANN GOLDNER, Plaintiff, *v.* SAVENUE REALTY CORPORATION et al., Defendants.

Supreme Court, Special Term, Kings County, March 16, 1951.

*John J. Perna, Jr.,* for Frances Morio, defendant.

*Hyman Kahan* for plaintiff.

NOVA, J. One motion is made by defendant mortgagee in possession to dismiss the complaint in tax lien foreclosure as legally insufficient. The basis of the attack is that plaintiff, purchaser of the transfer of tax lien from the City of New York on October 4, 1950, and present owner thereof, is seeking to foreclose for asserted failure of the fee owner to pay interest prior to the lapse of the thirty-day statutory grace period from January 1, 1951, whereas, according to such opposing defendant, the interest is not due and payable until a full six months' period has elapsed from either January 1st or July 1st, as the case may be, following the date on which the transfer of tax lien was acquired. Both parties rely on a reading and interpretation of section 415(1)–36.0 of the New York City Administrative Code. Such section, insofar as applicable herein, provides as follows: " *Rights of purchaser of tax lien.*— The aggregate amount of each tax lien transferred pursuant to this title, shall be due three years from the date of sale. Until such aggregate amount is fully paid and discharged, the holder of the transfer of tax lien shall be entitled to receive interest on such aggregate amount from the day of sale, and semi-annually on the first day of January and July * * *. At the option of the holder of any transfer of tax lien the aggregate amount thereof shall become due and payable after default in the payment of interest for thirty days or after default for six months after the delivery of transfer of tax lien in the payment of any taxes, assessments * * * or water rents, which

become a lien on and after the day of the date mentioned in the advertisement of the sale as stated therein, of the tax lien transferred by such transfer of tax lien.''

While the language of this section might have been more clear with respect to a situation such as is presented here, I think a requisite reading thereof, in accordance with customary tax and mortgage procedure, is that the city has set forth specific due dates in each calendar year for the payment of interest following the acquisition of a transfer of tax lien and has given the right to the holder of such transfer of tax lien to interest at semiannual periods thereafter on the dates so specified. Obviously it was the legislative intent to provide for interest payments twice a year. Were the construction of the movant to prevail it might be the case that the purchaser of a transfer of tax lien on January 2d in a given year would have to wait more than a full year (i.e., until January 30th of the year following) before having the right to foreclose. This would be an absurd result and a statute is not to be so construed if it can be read so as to avoid the absurdity.

The code section states clearly that the interest is to run from the date of sale and that the holder of transfer of tax lien is entitled to receive that interest at the rate bid computed from that time '' *and* semi-annually on the first days of January and July '' (the conjunctive word '' and '' is emphasized by me).

Motion to dismiss the complaint, accordingly is denied.

A companion motion is made by plaintiff for a *pendente lite* receivership in the foreclosure. Courts are reluctant to grant such applications and do so only upon a clear showing of need therefor. In my opinion plaintiff, apart from a showing of present tax arrears, has failed to meet the burden of demonstrating inadequacy of security (*Finch* v. *Flanagan,* 208 App. Div. 251, 254; *W. I. M. Corp.* v. *Cipulo,* 216 App. Div. 46, 51; 7 Carmody on New York Practice, § 594, pp. 701–702).

Motion denied.