■ MATILDE TOMASINO, Respondent, v. PRUDENTIAL WESTCHESTER CORP., Appellant.— In an action to recover damages for breach of a lease, appellant moved to preclude respondent from giving evidence on the trial because of respondent's failure to serve a bill of particulars. The motion was granted, unless respondent served a bill of particulars within thirty days, except as to certain items which were disallowed. The appeal is from so much of the order as disallowed those items. Order modified by striking from the ordering paragraph the words and figures "except items 4-a, 4-c, 4-e, 4-f and 6-d, which are hereby disallowed." As so modified, order affirmed, without costs. The items which were disallowed relate to the removal of felt from the theatre and its placement on the roof. This is conduct charged by respondent to appellant. Appellant is entitled to have such particulars and to be apprised of the cost of the repairs, for which, apparently, respondent seeks recovery. In any event, respondent's time, within which to move for modification of the demand for the bill of particulars had expired and she did not contest the items until appellant moved for a preclusion order. Under such circumstances, the items will not be scrutinized and will be allowed unless palpably improper. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ FRED W. TAYLOR, as Administrator of the Estate of FLORENCE TAYLOR, Deceased, Respondent, v. DALY's ASTORIA SANITORIUM, INC., et al., Appellants, et al., Defendant.— In an action to recover damages for the wrongful death of plaintiff's intestate, defendants Daly's Astoria Sanitorium, Inc., and Astoria General Hospital appeal from an order denying their motion to dismiss the complaint for insufficiency, or in the alternative to drop defendant Quinn as an improper party. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ TOWN OF NORTH HEMPSTEAD, Respondent, v. JOHN A. WHITE, Appellant. OWEN D. LINCOLN, Respondent, v. JOHN A. WHITE, Appellant.— Consolidated actions to enjoin the use of any part of appellant's dwelling house, which is located in a residence district under the building zone ordinance of the Town of North Hempstead, as offices for the practice of professions by others than appellant, in violation of said ordinance, and in which actions appellant has separately counterclaimed for judgment declaring his right to use the premises for such offices. The appeal is from an order denying appellant's motion for summary judgment and granting summary judgment to respondents dismissing appellant's first counterclaim contained in each of the answers herein, which is to the effect that the use in question is a permissible nonconforming use. Order unanimously affirmed, with $10 costs and disbursements, on the opinion rendered at Special Term. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ. [1 Misc 2d 228.]

■ JOHN L. WAGNER, Respondent, v. CHIC MAID HAT MANUFACTURING Co., INC., et al., Appellants.— In an action to recover damages for breach of a contract of employment, to recover overtime compensation under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 et seq.), and for work, labor and services, order, made on reargument, denying appellants' motion to change the place of trial from Kings County to Erie County, affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.