## (December 11, 1967)

■ GLADYS AFRECAN, as Administratrix of the Estate of MILTON AFRECAN, Deceased, Appellant, v. CALEDONIAN HOSPITAL OF THE CITY OF NEW YORK et al., Respondents, et al., Defendants.— In an action to recover damages for the wrongful death of plaintiff's intestate and for his pain and suffering prior to death, plaintiff appeals from an order of the Supreme Court, Kings County, dated August 17, 1966, which denied her motion to vacate or modify respondents' demand for a bill of particulars. Order modified by (1) striking from its ordering paragraphs the items numbered 21, 22, 36 and 39; (2) eliminating from its second decretal paragraph the words "in detail"; and (3) adding a provision (a) deleting the words "proper medical terminology" from items 3(b), 4 and 6 of the demand, (b) substituting the word "approximate" in place of "respective" in items 7, 8, 41 and 42 of the demand, (c) inserting "approximate" after the words "State the" in item 26 of the demand, (d) directing that plaintiff shall be permitted to state under oath her lack of knowledge as to items 19, 30, 33, 35 and 37 of the demand and (e) directing that plaintiff, within 10 days after an examination before trial of respondents, shall furnish them with a supplemental bill of particulars as to said items 19, 30, 33, 35 and 37. As so modified, order affirmed, without costs. This disposition is without prejudice to a motion by respondents for preclusion in the event that plaintiff should fail to comply with the provisions of the order as modified pursuant to this decision. In our opinion, in an action to recover damages for wrongful death and pain and suffering prior to death, the plaintiff is not required to give particulars in "proper medical terminology" (cf. CPLR 2101, subd. [b]). The item demanding particularization of general damages is likewise improper (*Wolff* v. *Hubert,* 200 App. Div. 124). As to those items requesting information contained in respondents' records and of which plaintiff has no knowledge in the absence of an examination before trial, plaintiff should set forth her lack of knowledge under oath. After an examination of respondents, plaintiff should serve a supplemental bill as to these items (*Rowe* v. *Levine,* 15 A D 2d 571). In view of the detailed demand, the words "in detail" appearing in the order are stricken as superfluous. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.

■ EVA J. BUONO, Respondent, v. PHILIP HIRSCH, Appellant, et al., Defendant, and ANTHONY BUONO et al., Respondents.— In an action alleging a conspiracy to defraud plaintiff of her real property and to compel her to execute her personal bond, and seeking judgment canceling a mortgage on the real property and other relief, defendant Hirsch appeals from a judgment of the Supreme Court, Westchester County, dated February 1, 1967, in favor of plaintiff. Judgment reversed, on the law and the facts, without costs, and case remitted to the Supreme Court, Westchester County, for the entry of judgment in accordance herewith. Findings of fact inconsistent herewith are reversed and new findings will be made as indicated herein. Settle order on five days' notice. This action was tried jointly with *Hirsch* v. *Buono Tire Co.,* (29 A D 2d 545) and involved substantially the same questions as were present in that case. For the reasons there stated, it is our opinion that plaintiff is not entitled to any relief as against defendant Hirsch. It was improper, therefore, to direct cancellation of the mortgage note and the mortgage on the real property, the chattel mortgage and the bond; to direct a reconveyance by defendant Buono Tire Co., Inc., of the real property involved; and to direct the execution of all instruments necessary to put the parties "in their status quo". Christ, Acting P. J., Brennan, Rabin and Benjamin, JJ., concur; Hopkins, J., dissents and votes to affirm the judgment, on the opinion of the trial court. [54 Misc 2d 789.]