■ SHELDON GOLDSTEIN et al., Respondents, v. BROGAN CADILLAC OLDSMOBILE CORP. et al., Defendants, and GENERAL MOTORS CORPORATION, Appellant.—In a negligence and breach of warranty action to recover damages for personal injuries and loss of services, defendant General Motors Corporation appeals from an order of the Supreme Court, Rockland County, entered May 29, 1974, which denied its motion to preclude plaintiffs from offering evidence of certain items or, in the alternative, to direct plaintiffs to serve a further verified bill of particulars. Order modified by adding thereto a provision directing plaintiffs to furnish a further bill of particulars setting forth a more detailed identification of the parts claimed to be defective and a specification of the defects allegedly in those parts at the time of the accident. As so modified, order affirmed, with $20 costs and disbursements to appellant. The further bill of particulars must be served within 30 days after service of a copy of the order to be entered hereon with notice of entry. This disposition is without prejudice to a further motion by appellant for preclusion in the event plaintiffs fail to comply herewith. The necessary scope of a bill of particulars is singular to the particular case. Under the circumstances of this case, we believe that appellant was not adequately apprised

of plaintiffs' claim regarding the alleged defects and the negligence with which it is charged. Plaintiffs further resist appellant's motion on the grounds that appellant was seeking evidentiary material and that the decision in *Codling* v. *Paglia* (32 N Y 2d 330) limits appellant's rights with regard to the nature and extent of the information it may demand. We disagree. CPLR 3042 requires a party who is unwilling to give particulars in whole or in part, to move to vacate or modify the notice, within five days after receipt thereof. From the record it does not appear that plaintiffs ever made such a motion. This court has condemned the practice of failing to question the propriety of a demand until a motion to preclude is made. "Under such circumstances, the items will not be scrutinized and will be allowed unless palpably improper" (*Tomasino* v. *Prudential Westchester Corp.*, 1 A D 2d 781). It cannot be said that appellant's demand for more specific particulars as to the defective parts and the manner in which it was negligent was "palpably improper". As to those items which request information of which plaintiffs have no knowledge, such lack of knowledge may be stated under oath and plaintiffs may thereafter serve a supplemental bill when they acquire such information (*Afrecan* v. *Caledonian Hosp. of City of N. Y.*, 29 A D 2d 544). Hopkins, Martuscello and Latham, JJ., concur; Gulotta, P. J., and Shapiro, J., dissent and vote to affirm.