■ SECURITY INSURANCE GROUP, Respondent, v JOHN S. PRIESTLEY, Appellant, et al., Defendant.—In an action to declare, *inter alia,* that the plaintiff insurer is not obligated to defend or indemnify defendant Priestley in a wrongful death action brought by the estate of his wife, the said defendant appeals from an order of the Supreme Court, Nassau County, dated October 20, 1976, which, upon renewal of plaintiff's motion for summary judgment, granted the motion and declared that plaintiff was not required to defend and indemnify him in the wrongful death action. Order reversed, on the law, with $50 costs and disbursements, and action remitted to Special Term for a hearing in accordance herewith. We agree that the plaintiff-respondent would not be required to defend and indemnify defendant-appellant Priestley if a timely notice of disclaimer had been given (cf. *State Farm Mut. Auto. Ins. Co. v Westlake,* 35 NY2d 587). However, we do not believe that the record was sufficient to permit Special Term to properly determine whether, as required by statute, the plaintiff gave written notice of disclaimer of coverage as soon as was reasonably possible (see Insurance Law, § 167, subd 8). Therefore, a hearing is required to determine that question. Mollen, P. J., Damiani, Titone and Rabin, JJ., concur.

■ MARIE TAFOYA, Respondent, v MARK BECKER, Appellant, et al., Defendants.—In a medical malpractice action, the defendant Becker appeals from an order of the Supreme Court, Nassau County, dated August 5, 1977, which denied his motion for an order of preclusion predicated upon plaintiff's failure to serve a bill of particulars. Order reversed, with $50 costs and disbursements, and motion to preclude granted unless plaintiff serves and files a supplemental bill of particulars with respect to items 3, 5, 6 and 8 of defendant Becker's demand within 10 days after service upon her of a copy of the order to be entered hereon, together with notice of entry thereof. If plaintiff is presently without knowledge as to any of the items allowed, she may so state under oath and she may serve a supplemental bill on such items promptly upon obtaining knowledge thereof, but in any event, not later than 30 days before the date of the trial. Although defendant-appellant Becker served a demand for a bill of particulars in September, 1976, plaintiff-respondent failed to serve a bill until June, 1977; that was after appellant had moved for an order of preclusion. This practice has been condemned by the courts (see *Goldstein v Brogan Cadillac Oldsmobile Corp.,* 46 AD2d 799; *Tomasino v Prudential Westchester Corp.,* 1 AD2d 781; *De Castro v City of New York,* 54 Misc 2d 1007). "Under such circumstances, the items [of the demand] will not be scrutinized and will be allowed unless palpably improper" *(Tomasino v Prudential Westchester Corp., supra).* Appellant objects only to the particulars that plaintiff has supplied with respect to items 3, 5, 6 and 8 of his demand. It is evident that the particulars supplied as to those items do not meet the demand. Since we cannot say that those items of the demand are "palpably improper", plaintiff must either properly answer them or face preclusion with respect thereto. Martuscello, J. P., Damiani, Titone and Shapiro, JJ., concur.