■ EDWARD G. WALDMAN, Appellant, v JULES ALLEN, Respondent. — In an action to recover for legal services rendered by plaintiff on behalf of defendant, plaintiff appeals from an order of the Supreme Court, Nassau County (Velsor, J.), dated October 17, 1980, which (1) denied his motion to preclude defendant from offering evidence on his counterclaim because of the latter's failure to serve a verified bill of particulars pursuant to plaintiff's demand, and (2) in the alternative, directed defendant to serve such bill within 20 days after completion of an examination before trial of plaintiff. Order reversed, on the law, with $50 costs and disbursements, and motion to preclude granted, unless (1) defendant, within 20 days after service upon him of a copy of the order to be made hereon, with notice of entry, furnishes a bill of particulars as to those items which he concedes to have sufficient information, i.e., Item Nos. 6, 7 and 8, and states under oath his lack of knowledge of matters demanded in Item Nos. 1 through 5, which are allegedly within plaintiff's records and (2) within 20 days after completion of an examination before trial of plaintiff, defendant furnishes a supplemental bill of particulars as to Item Nos. 1 through 5. CPLR 3042 (subd [a]) requires a party who is "unwilling" to give particulars, in whole or in part, to move to vacate or modify the demand within 10 days after receipt thereof. From the record it does not appear that defendant ever made such a motion. This court has condemned the practice of failing to question the propriety of a demand until a motion to preclude is made. Under such circumstances the items will not be scrutinized but will be allowed unless "palpably improper". In this instance the items set forth in plaintiff's demand do not suffer from such an infirmity (see *Bergman v General Motors Corp.*, 74 AD2d 886; *Tafoya v Becker*, 61 AD2d 795; *Goldstein v Brogan Cadillac Oldsmobile Corp.*, 46 AD2d 799). The better practice, in a case such as this, would be for the defendant to comply with the demand for the bill of particulars to the best of his knowledge; when he lacks sufficient information to answer all of the items in the demand, he should set forth such lack of knowledge under oath, and then, after an examination of the plaintiff, defendant should serve an amended or supplemental bill as to those items which requested information that is in plaintiff's records and of which defendant had no knowledge in the absence of such examination (see *Rowe v Levine,* 15 AD2d

571; *Afrecan v Caledonian Hosp. of City of N. Y.*, 29 AD2d 544). Titone, J. P., Lazer, O'Connor and Rubin, JJ., concur.