■ CATHERINE MILTON, Respondent, v SMITHTOWN GENERAL HOSPITAL, Appellant, et al., Defendants. — In an action to recover damages for medical

malpractice, defendant Smithtown General Hospital appeals from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated January 24, 1983, as denied its motion pursuant to CPLR 3042 (subd [c]) to preclude plaintiff from proffering evidence at trial. Order reversed, insofar as appealed from, as a matter of discretion, with costs, and appellant's motion for an order to preclude plaintiff from proffering evidence at trial is granted, unless plaintiff serves a bill of particulars responsive to appellant's demand. Plaintiff's time to supply the bill of particulars is extended until 10 days after service upon her of a copy of the order to be made hereon, with notice of entry. The excuse proffered by plaintiff for her failure to timely comply with a prior order, which granted plaintiff's motion, in part, to modify appellant's demand for a bill of particulars and directed service of a bill within 10 days after service of said order with notice of entry, can only be characterized as law office failure (see *Kusner v Municipal Housing Auth. for City of Yonkers,* 21 AD2d 686). Nevertheless, the record does not support a finding that plaintiff's counsel had engaged in the practice, long condemned by the courts, of merely ignoring demands for bills of particulars or orders regarding service of bills of particulars until after a motion to preclude is made (see *Tafoya v Becker,* 61 AD2d 795). A bill of particulars was allegedly prepared pursuant to the prior order, but due to an oversight, counsel filed rather than mailed the bill of particulars. Appellant never moved for an order of preclusion until it was disclosed at an examination before trial of the plaintiff that a bill had not been served. Plaintiff's counsel promised at the deposition to serve a bill within a few days and, in fact, served a bill eight days after plaintiff's deposition. Prior to service of the bill, appellant had rushed to the court with a motion to preclude, although it was also in default, having failed, in part, to comply with plaintiff's notice of discovery and inspection. Although plaintiff's failure to timely comply with the prior order requires a judicial response, the circumstances of this case do not warrant the severe sanction of imposing an absolute order of preclusion. Since appellant rejected and returned plaintiff's bill of particulars, served prior to the return date of the motion to preclude, Special Term abused its discretion in granting appellant's motion to preclude unconditionally (see *Tafoya v Becker, supra*). Brown, J. P., Niehoff, Rubin and Boyers, JJ., concur.