■ ANDREW F. CAPOCCIA et al., Appellants, v DOMINICK J. BROGNANO, Respondent. (And Three Other Related Actions.)— Casey, J. Appeals (1) from an order of the Supreme Court (Prior, Jr., J.), entered October 1, 1986 in Albany County, which, inter alia, granted defendant's motion for an order compelling plaintiffs to produce transcripts of certain portions of plaintiff Andrew F. Capoccia's testimony before the Committee on Professional Standards, (2) from an order of said court, entered October 1, 1986 in Albany County, which, inter alia, granted defendant's cross motion for partial summary judgment, (3) from an order of said court, entered October 1, 1986 in Albany County, which granted defendant's motion for a conditional order of preclusion, and (4) from an order of said court, entered October 17, 1986 in Albany County, which granted defendant's motion for a conditional order of preclusion.

Plaintiffs commenced a number of actions, now consolidated, arising out of an agreement between plaintiff Andrew F. Capoccia (hereinafter plaintiff) and defendant, both of whom are attorneys, whereby defendant was to be substituted as counsel for some of plaintiff's clients during the six-month period that plaintiff was suspended from the practice of law, beginning in February 1985. A number of terms of the agreement are in dispute.

The first appeal concerns the parties' dispute over defendant's use and possession of plaintiff's law office furniture,

furnishings and fixtures. Plaintiff assigned the lease for his law office to defendant in exchange for defendant's payment of outstanding rentals due under the lease. Plaintiffs allege that defendant refused to enter into an agreement concerning his use and possession of the furniture, furnishings and fixtures, and they seek to recover the fair replacement value and fair rental value of the personal property allegedly converted by defendant. Defendant served plaintiffs with a notice to produce transcripts of certain proceedings before the Committee on Professional Standards, alleging that plaintiff and defendant had testified at those proceedings as to the parties' agreement. Plaintiffs replied that no such transcripts were available for production, prompting defendant to move for an order compelling plaintiffs to produce the transcripts. The order was granted and we affirm.

Plaintiffs contend that Supreme Court was barred from considering defendant's motion under the doctrine of res judicata. It appears that defendant had previously requested this court to release the transcripts and only the transcript containing defendant's testimony was released. Plaintiffs failed to raise this issue at Supreme Court and there is nothing in the record to support the claim. Moreover, it appears that this court's determination regarding release of the transcripts was made in response to a letter request from defendant and not the result of actual litigation (see, Murphy v Erie County, 28 NY2d 80, 86). Plaintiffs also contend that the requested material is privileged under Judiciary Law § 90 (10), but we conclude that plaintiffs waived the privilege by commencing the action based upon an agreement about which plaintiff and defendant testified before the Committee on Professional Standards (see, Hoenig v Westphal, 52 NY2d 605, 608-609).

The second appeal also involves the dispute over the office furniture, furnishings and fixtures. In January 1986, defendant obtained an order to show cause containing a temporary restraining order (TRO) which prohibited plaintiff from entering the law offices at issue. Three weeks later, the TRO was vacated upon plaintiffs' motion, without opposition from defendant, and plaintiffs then moved for a reference for damages allegedly sustained by plaintiffs due to the TRO. Defendant cross-moved for summary judgment declaring that plaintiff had assigned his right, title and interest in the lease of the law offices to defendant. Supreme Court denied plaintiffs' motion and granted the cross motion. We affirm.

Plaintiffs' appeal is based upon the claim that despite the

assignment plaintiff retained right, title and interest in the law offices at issue under the lease, and was, in effect, a cotenant with defendant. The assignment, however, is clear and unequivocal, and it contains no reservations. It was a complete assignment and plaintiff, therefore, parted with his entire interest (see, New Amsterdam Cas. Co. v National Union Fire Ins. Co., 266 NY 254, 258). Plaintiffs rely upon a provision in the original lease which provides that if the lease is assigned, the term "tenant" used in certain paragraphs of the lease shall be deemed to include both the assignee and the assignor. This provision, however, appears to be for the benefit of the landlord, retaining plaintiffs' liability under the lease despite the assignment. The rights and liabilities as between the assignee and the assignor are controlled by the terms of their agreement, which as noted above, constituted a complete assignment.

The third appeal arises out of the parties' dispute over the terms of an oral agreement concerning the fees collected by defendant from plaintiffs' former clients. Plaintiffs alleged that defendant breached the agreement, and defendant served a demand for a bill of particulars requesting that plaintiffs set forth in detail the exact and complete terms of the oral agreement. Following plaintiffs' response to the demand, defendant moved for an order of preclusion. Supreme Court granted the motion to the extent that plaintiffs were ordered to provide a full and complete statement of the exact terms of the agreement or else be precluded from submitting any evidence concerning the terms of the agreement. Plaintiffs contend that their response to defendant's demand was a full and complete statement of the exact terms of the agreement. This claim, however, is belied by the use of the qualifying term "in part" contained in plaintiffs' statement of the terms of the agreement. We see no abuse of discretion in Supreme Court's supervision of the bill of particulars under CPLR 3042.

The final appeal concerns the $25,000 figure claimed by plaintiffs as the amount due from defendant, under 22 NYCRR 806.9 (b), as compensation for disbursements incurred when plaintiff was the attorney of record prior to defendant's substitution. When plaintiffs refused to comply with defendant's demand for a bill of particulars itemizing the disbursements and explaining how the $25,000 figure was determined, defendant moved for an order of preclusion. Supreme Court ordered plaintiffs to respond to the request for an itemization of disbursements or explain their inability to do so, and to particularize the $25,000 damage figure. Again, we see no

abuse of discretion in Supreme Court's order, particularly since plaintiffs made no motion objecting to the demand pursuant to CPLR 3042 (a) *(see, Waldman v Allen,* 87 AD2d 817).

Orders affirmed, with costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.