■ ANDREW F. CAPOCCIA et al., Appellants, v DOMINICK J. BROGNANO, Respondent.—Casey, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered May 11, 1987 in Albany County, which granted defendant's motion to strike the complaint with prejudice.

Dissatisfied with plaintiffs' response to defendant's interrogatories, defendant sought relief by notice of motion dated April 9, 1986. By order dated November 19, 1986, Supreme

Court directed plaintiffs to serve "a detailed and comprehensive answer to each interrogatory within 30 days of service upon them". The order further provided that the complaint would be stricken with prejudice upon plaintiffs' failure to comply with the above requirement. Plaintiffs failed to comply and, upon defendant's motion, Supreme Court struck the complaint with prejudice.

On appeal, plaintiffs contend that their original answer to defendant's interrogatories contained all of the information available to them and that, therefore, their failure to comply with the subsequent court order was not deliberate and contumacious. We see no basis for disturbing Supreme Court's order.

Plaintiffs do not claim that their failure to comply with the prior order was due to mistake, inadvertence or even negligence (see, Ramos v DeMond, 127 AD2d 751, 753). Rather, plaintiffs elected to ignore a court order which was clear and unambiguous. In these circumstances, defendant has met his initial burden of showing willfulness under CPLR 3126 and plaintiffs, therefore, were required to come forward with an excuse (see, Scharlack v Richmond Mem. Hosp., 127 AD2d 580, 581). Plaintiffs' excuse is, in reality, no excuse at all, for it is based upon the premise that Supreme Court erred in directing plaintiffs to provide additional answers to defendant's interrogatories. Having failed to appeal or otherwise seek relief from the court's order, plaintiffs cannot simply ignore the order with impunity. Striking plaintiffs' complaint was an appropriate sanction in these circumstances (see, CPLR 3126 [3]; Chase Manhattan Bank v Abad, 131 AD2d 312, 313; Lobo Equities v North Riv. Ins. Co., 124 AD2d 647).

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.