■ ANDREW F. CAPOCCIA et al., Appellants, v DOMINICK J. BROGNANO, Respondent.—Levine, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered May 5, 1988 in Albany County, which, inter alia, granted defendant's motion to strike plaintiffs' complaints within a particular consolidated action.

This appeal is the latest between the parties arising out of Supreme Court's supervision of pretrial discovery in a series of actions commenced by plaintiffs against defendant. All the actions relate to disputes over plaintiffs' entitlement to shares of fees, reimbursement of expenses, conversion of assets and other breaches of alleged agreements and arrangements between the parties during the period when defendant took over plaintiffs' law practice and then-pending cases during the suspension of plaintiff Andrew F. Capoccia (hereinafter Capoccia) from the practice of law in 1985. Six of these actions were ordered consolidated in January 1987. Both before and after consolidation, defendant sought disclosure through demands for bills of particulars, discovery and inspection and interrogatories regarding the subject matter of the actions. When plaintiffs resisted disclosure, defendant obtained various self-executing conditional preclusion orders.

Following consolidation, plaintiffs moved for leave to serve an amended complaint. Defendant cross-moved for various forms of relief, including summary judgment, based upon the claimed inability of plaintiffs to prove their causes of action by reason of the prior preclusion orders, which had become unconditionally effective as a result of plaintiffs' continued nondisclosure. In a May 12, 1987 decision, Supreme Court denied plaintiffs' motion. As to the cross motion, the court ruled that the prior preclusion orders, relating to disclosure of plaintiffs' expenses in their action to recover disbursements and of the terms of alleged agreements between the parties, had by then become fully effective because of plaintiffs' "apparent intentional failure to meet rather straightforward conditions". However, the court declined to grant summary judgment based upon these preclusions without defendant's submission of detailed affidavits as to the factual issues "in which there is no dispute and where preclusion exists". The denial was without prejudice to resubmission accompanied by such a showing. The court further directed that all prior preclusion orders in the individual actions would be equally applicable in the consolidated action and would become effective in the consolidated action without further order within 30 days if not complied with. The record herein does not reveal that plaintiffs appealed from any part of the order made upon that decision. Contemporaneously with the foregoing decision, Supreme Court granted a separate motion by defendant to strike the complaint in the defamation action brought by plaintiffs against defendant, which had been one of the six matters consolidated, for willful failure to serve interrogato-

ries. The order striking the defamation complaint has since been affirmed *(Capoccia v Brognano,* 142 AD2d 819).

Some six months later, defendant brought on the instant motion in which he again sought summary judgment based upon the preclusion orders and, alternatively, the striking of all remaining outstanding complaints of plaintiffs in the consolidated action for their willful failure to disclose. Supreme Court struck the complaints on the latter ground, and this appeal ensued.

Plaintiffs' sole argument on appeal is that, in fact, they have substantially complied with the various orders compelling disclosure and that any remaining noncompliance did not reach the level of willfulness necessary under CPLR 3126 (3) to justify imposition of the ultimate sanction of striking the complaints. We disagree. Stripped to their essentials, defendant's moving papers averred four subjects of nondisclosure, pertinent to one or more of the complaints in the consolidated action, in which plaintiffs violated prior discovery orders: (1) failure to produce transcripts of Capoccia's testimony before the Third Department Committee on Professional Standards in connection with his suspension and application for reinstatement, (2) failure to deliver consents or authorizations enabling defendant to obtain the foregoing transcripts, (3) failure to describe the terms of any agreements between plaintiffs and defendant regarding defendant's takeover of plaintiffs' practice and office facilities during the period of Capoccia's suspension, and (4) failure to furnish an itemization of plaintiffs' expenses and disbursements on the files handled by defendant, allegedly subject to an agreement of reimbursement by defendant.

Plaintiffs' answering papers were entirely devoid of any factual contradiction of defendant's foregoing averments. Instead, plaintiffs chose only to address the merits of defendant's motion for summary judgment and other unrelated issues raised by defendant's papers. It was only after the decision and order granting the motion were rendered that newly retained counsel, upon a motion to vacate, renew or reargue, submitted evidence that plaintiffs had in fact furnished information in compliance with the discovery orders during 1985 and 1986 as to all the matters cited by defendant, except for the furnishing of transcripts of Capoccia's testimony before the Committee on Professional Standards. As to the latter, according to plaintiffs, the transcripts were furnished in January 1988, shortly after this court's decision affirming the order

compelling that disclosure *(Capoccia v Brognano,* 135 AD2d 1010, 1011, *appeal dismissed* 71 NY2d 1022).

Plaintiffs' motion, bringing in new factual material not part of the original opposing papers, was clearly in the nature of a motion to renew *(see,* Siegel, NY Prac § 254, at 313-314). However, plaintiffs presented no new facts which were not known to them at the time of the prior motion nor any other justification for not having included the new material on the original submission. Moreover, to a substantial degree, the failure to disclose alluded to by defendant on the instant motion substantially overlaps those referred to in Supreme Court's May 1987 decision. Plaintiffs apparently also failed to submit evidence of their 1985 and 1986 compliance with prior orders of disclosure on the motion determined in that decision. For all these reasons, Supreme Court properly exercised its discretion in denying plaintiffs' motion to vacate, reargue and renew *(see, Klein v Mount Sinai Hosp.,* 121 AD2d 164; *Brann v City of New York,* 96 AD2d 923, 924-925; *Foley v Roche,* 68 AD2d 558, 568-569). Therefore, in addition to the fact that no appeal was taken from the denial of plaintiffs' motion to have the order herein reconsidered, evidence of compliance with disclosure belatedly submitted on that motion should not be considered on this appeal.

Even if we were to consider the evidence submitted on the postorder motion, the extent of full compliance is at least dubious and, in any event, plaintiffs concededly refused to comply with the order to disclose the transcripts of Capoccia's testimony before the Committee on Professional Standards until this court affirmed that order, well after defendant's instant motion was made. Plaintiffs never sought a stay of the order pending appeal. Plaintiffs continued to disregard the order compelling disclosure of the transcripts with full awareness of Supreme Court's May 1987 decision that noncompliance with discovery in any single action would be applied against all the complaints in the consolidated action. Supreme Court, in granting the motion to strike the complaints, relied on the pattern of plaintiffs' obstruction and abuse of discovery throughout the various proceedings. Such a pattern, including disregard of court orders and deliberate defaults, clearly is reflected in this court's prior decisions *(see, Capoccia v Brognano,* 142 AD2d 819, 820, *supra; Capoccia v Brognano,* 135 AD2d 1010, 1012, *supra; Capoccia v Brognano,* 132 AD2d 833, 834, *appeal dismissed* 70 NY2d 952; *Capoccia v Brognano,* 126 AD2d 323, 328-329). Accordingly, we find no reason to disturb Supreme Court's order.

Order affirmed, with costs. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.