■ BRENDA VAN WERT, Respondent, v DOROTHY GREEN-PEPPER, Appellant.—Casey, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered March 18, 1988 in Ulster County, upon a verdict rendered in favor of plaintiff.

Plaintiff lived in a house owned by defendant in the Town of Woodstock, Ulster County. On May 17, 1984 plaintiff, who was returning from work in the dark, parked her car and proceeded to walk across a bridge that spanned a stream and

required crossing in order to reach the house. Some planks were missing from the bridge and plaintiff fell approximately nine feet into the water below. Plaintiff claims that she lost consciousness, came to in chest-high water and had to crawl out, and was treated at a local hospital and released. A few days later plaintiff sought further medical treatment.

On September 10, 1984 plaintiff commenced a negligence action for $200,000 against defendant as owner of the premises. A second cause of action sought recovery relating to a dispute over the payment of utilities. Defendant answered on September 24, 1984 and demanded a bill of particulars as to plaintiff's injuries. Plaintiff complied and received authorization to serve written interrogatories. The order of authorization was served on defendant on December 24, 1985. Approximately a year later defendant took a deposition of plaintiff and served plaintiff with a notice of physical examination. Plaintiff was examined by defendant's physician. Plaintiff then moved to strike defendant's answer due to defendant's failure to answer the written interrogatories. Supreme Court granted plaintiff's motion and directed an inquest as to damages.

At the inquest the jury awarded plaintiff $3,300 for medical expenses, an amount that was stipulated and which fairly reflected the amount that plaintiff expended for such treatment. The jury award of $73,125 for loss of earnings was supported by testimony that plaintiff had worked as a waitress and earned $350 to $400 a week for a total of $18,300 per year for each of the four years' plaintiff was unable to work. The jury further found that plaintiff could no longer work as a waitress and could not earn as much even with retraining, and awarded $78,520 for impairment of earnings. A further award of $150,000 for pain and suffering and the permanent effect of plaintiff's injuries was made.

Plaintiff's injuries were a cut on one leg, described by her as a hole or puncture, and pain in the back of her skull and neck, which radiated into her lower shoulders, lower back and legs. Plaintiff underwent physical therapy three times a week for two years. She complained that she still had constant headaches, pain in her neck and shoulders, back and knees. Her doctor testified that he found an open puncture wound on the leg, stiffness and spasm in the neck muscles, decreased range of motion of the neck, muscle spasm and stiffness in the lumbar spine; that plaintiff was traumatized by the event; and that plaintiff had tearing and stretching of muscle fibers and tendons and concussive brain trauma. The diagnosis was a

cervical and thoracic and lumbar strain which had become chronic, and persistent bursitis in the knee. He felt that the neck pain and headaches will continue and premature arthritis may result. He also stated that plaintiff is unable to work as a waitress and is not feigning her injuries. The doctor further stated that the orthopedist and neurologist to whom he referred plaintiff made consistent findings. Defendant's orthopedic doctor testified that plaintiff was normal except for bursitis in the knee and that plaintiff should experience no difficulty in her activities and in her employment. He was of the opinion that she was a "faker".

On this appeal, defendant first argues that Supreme Court erred in striking her answer. We disagree. Where, as here, a party fails to respond to disclosure and disobeys a court order thereby frustrating disclosure, sanctions are within the discretion of the trial court (see, Zletz v Wetanson, 67 NY2d 711, 713). The party seeking disclosure has the burden of showing willfulness under CPLR 3126 and the party failing to respond must demonstrate an excuse (Capoccia v Brognano, 142 AD2d 819, 820). The striking of an answer should not be imposed unless the default is deliberate or contumacious (Obrenski v Tushinsky, 63 AD2d 695). Here, Supreme Court authorized the service of interrogatories in December 1985 and denied plaintiff's motion seeking an examination before trial until defendant replied to the interrogatories. Three months later defendant's counsel used the excuse that his secretary had ceased employment. Six months after that defense counsel stated he could not locate his client, but nevertheless requested a deposition of plaintiff in February 1987. In May 1987, proceedings were held in Supreme Court and in September 1987 Supreme Court ordered defendant's answer stricken. Defendant's attorney never answered any of the interrogatories despite his promise that he would produce some answers. Such conduct demonstrates willfulness on defendant's part, as found by Supreme Court, and the penalty imposed of striking defendant's answer was not an abuse of discretion (see, Zletz v Wetanson, supra, at 713; Capoccia v Brognano, supra, at 820; Wolfson v Nassau County Med. Center, 141 AD2d 815).

Defendant additionally contends that Supreme Court erred in admitting the testimony of plaintiff's doctor concerning plaintiff's injuries subsequent to the date of the medical report furnished to defendant. We do not agree, since the testimony did not indicate any new condition or additional injuries. Furthermore, considering the kind, type and extent of the injuries, as set forth by the evidence previously outlined, we

do not find the verdict to be excessive *(see, Johnston v Colvin,* 145 AD2d 846)* and we find the verdict sustainable even though it exceeded the amount of the ad damnum clause. Defendant has demonstrated no prejudice and her failure to object to the verdict in Supreme Court waives any objection on this appeal. Accordingly, the judgment appealed from should be affirmed.

Judgment affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.