E & A Holdings, Inc., Petitioner- 
against
Jerome Avenue Car Wash and Lube, Inc., Respondent-Appellant, -and- "XYZ Corp.," "John Doe" and "Jane Doe," Respondents.



Respondent Jerome Avenue Car Wash and Lube, Inc. appeals from an order of the Civil Court of the City of New York, Bronx County (Donald A. Miles, J.), entered March 9, 2016, which denied its motion to dismiss the petition and granted petitioner's cross motion to restore the matter to the calendar and for summary judgment of possession in a holdover summary proceeding.




Per Curiam.
Order (Donald A. Miles, J.), entered March 9, 2016, reversed, with $10 costs, respondent's motion to dismiss the petition granted and petitioner's cross motion for summary judgment of possession denied.
Petitioner operated a car wash/automobile lube business in commercial space demised in two separate lease agreements that petitioner, as tenant, entered into with the nonparty landlord. In August 2008, petitioner sold the business to respondent for $2,200,000, and respondent executed a promissory note for payment of part of the purchase price. The purchase and sale agreement required petitioner to deliver assignments of the underlying commercial leases to respondent at closing. However, to secure payment of the note, respondent executed reassignments of the leases (back to petitioner), and placed in escrow the leases, assignments and reassignments until the note was paid.
In February 2014, petitioner commenced an action in Supreme Court, Nassau County, alleging that respondent was in default of the leases and promissory note. In April 2014, petitioner served upon respondent ten-day notices terminating the leases and, in May 2014, petitioner commenced the instant holdover proceedings alleging that it is the "landlord/prime tenant" of the premises, that respondent is the subtenant, and that respondent is in default for [*2]failing to pay rent due the nonparty landlord. On October 9, 2015, the court in the Nassau County action granted partial summary judgment directing that the escrowed documents (reassignments and leases) be delivered to petitioner because of respondent's default under the leases and promissory note.
Based upon the undisputed facts set forth above, respondent's CPLR 3211 motions to dismiss the holdover petitions should have been granted. Petitioner had no authority to serve the predicate notices of termination and to commence the underlying holdover proceedings in April and May 2014, since it had previously conveyed its entire interest to respondent pursuant to complete assignments that contained no reservations (see Capoccia v Brognano, 135 AD2d 1010, 1011-1012 [1987], appeal dismissed 71 NY2d 1022 [1988]). Thus, the relationship between the parties in 2014 was that of assignor and assignee, rather than landlord-tenant (see Allied Coverage Corporation v New York Phenomenon, Ltd., 2003 NY Slip Op 51200[U] [App Term, 9th and 10th Jud Dists 2003]). Inasmuch as an assignor of a lease cannot maintain a summary proceeding for eviction against its assignee (see Murray Hill Mello Corp. v. Bonne Bouchee Rest., 113 Misc 2d 683, 687-688 [1982]), the proceedings should have been dismissed. 
Although respondent executed reassignments of the leases to petitioner in August 2008, these reassignments, having been placed in escrow pursuant to the terms of the security arrangement, were not delivered and, therefore, did not take effect at that time (see Reb Michael, Inc. v Southbridge Towers, 121 AD2d 962, 965 [1986]). The reassignments only took effect when the escrowed documents were released to petitioner pursuant to the October 2015 order of the Supreme Court, Nassau County, which was long after these proceedings were commenced.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: November 01, 2016