■ VINCENT CROCE et al., Respondents, v ABRAHAM AND STRAUS et al., Appellants.—Order of the Supreme Court, New York County (Eugene Wolin, J.), entered October 4, 1985, which granted plaintiffs-respondents' motion to strike defendants-appellants' answer, and which denied defendants' cross motion to dismiss the complaint, or alternatively, for an order compelling plaintiffs to submit to examination before trial, unanimously modified, on the law and facts, to deny plaintiffs' motion and to direct compliance with a prior order entered July 24, 1985 directing examination before trial, except that within 30 days from the date of this court's order both parties must set a date to comply, and otherwise affirmed on condition that within 20 days from the date of this court's order counsel for the defendants personally pay $1,000 costs to plaintiffs' counsel, and in the event of counsel's failure to so comply the order is unanimously affirmed, with costs.

Plaintiffs, a husband and wife, commenced this action in August 1982. They allege that on December 17, 1981, Mr. Croce, while employed by Abraham and Straus Store Delivery Service, received permanent injuries from a fall.

Apparently, issue was joined by defendants' answer in October 1982. In March 1983, plaintiffs served a bill of particulars and served notice to take defendants' deposition. In November 1983, Justice Seymour Schwartz ordered plaintiffs to serve hospital authorizations within 60 days. He ordered that 60 days thereafter, defendants' orthopedist physically examine Mr. Croce. Both parties were to be deposed on or before January 30, 1984, with plaintiffs to file a note of issue and certificate of readiness by April 1, 1984.

For reasons not revealed in the record, depositions were not held in 1983 or 1984. Plaintiffs waited until February 1985 before moving to fix a date on which to depose defendants' witness. At that time, defendants cross-moved to depose plaintiffs. On May 10, 1985, Justice Andrew Tyler granted cross motions to the extent of directing the parties to appear for depositions on May 31, 1985 and contemplating sanctions against any defaulting parties. For reasons not in the record, deposition failed to occur on May 31.

In July 1985, due to lack of progress, plaintiffs moved to impose sanctions. Plaintiffs moved even though much of the delay resulted from their failure to timely serve medical authorizations (which were not served until August 1985).

Justice Eugene Wolin granted plaintiffs' motion to the extent of directing both parties to appear for depositions on August 29, 1985, with depositions of plaintiffs to be conducted first and to be immediately followed by depositions of defendants, with the pleading of a party which failed to comply to be deemed stricken.

On August 29, only plaintiffs appeared.

On August 30, plaintiffs moved to strike defendants' answer. Defendants promptly cross-moved to strike plaintiffs' complaint or alternatively to compel plaintiffs to submit to deposition on a date certain. In support of his cross motion, defendants' counsel explained his failure to appear in court. He asserted that on August 28th his office reached an agreement with plaintiffs' counsel. They agreed to hold both depositions on August 30 because plaintiffs claimed to have relatives in town on the 29th, and defendants' witness was also unavailable. Later on the 28th, plaintiffs' counsel tried to change the date back to the 29th. Defendants' counsel agreed to depose plaintiffs on the 29th but reiterated the unavailability of defendants' witness until the 30th. Plaintiffs' counsel refused to appear unless defendants produced their witness on the 29th. Since the situation seemed stalemated, defendants did not send an attorney to court on August 29th. But, unbeknownst to defendants, plaintiffs' counsel and plaintiffs appeared in court on the 29th and marked defendants in default. Significantly, plaintiffs' counsel did not deny this version of events.

On October 4, 1985, Justice Wolin granted plaintiffs' motion to strike defendants' answer and denied defendants' cross motion. Defendants appeal from this order.

Striking an answer in the absence of willful default, bad faith or contumacious conduct is a drastic penalty used sparingly because of our strong policy aimed at determining actions on their merits. (*Rodriguez v Sklar,* 56 AD2d 537 [1st Dept 1977]; *Newman v Chartered New England Corp.,* 63 AD2d 617 [1st Dept 1978]; *Bassett v Bando Sangsa Co.,* 103 AD2d 728 [1st Dept 1984].) Fairness dictates we apply this approach where, as here, plaintiffs themselves were also responsible for delay. Nevertheless, defendants' counsel should have complied with the court's order to appear on the date set. For that reason we impose $1,000 costs on defendants' counsel. Concur—Kupferman, J. P., Fein, Milonas, Rosenberger and Ellerin, JJ.