■ JOSEPH HOCEVAR, Appellant, v HONIG INDUSTRIAL DIAMOND WHEEL, INC., et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Held, J.), dated May 31, 1988, which dismissed his complaint for failure to comply with a preliminary conference order setting forth a schedule for pretrial discovery, and (2) an order of the same court, dated September 16, 1988, which denied his motion to vacate the order dated May 31, 1988.

Ordered that the order dated September 16, 1988, is reversed, without costs or disbursements, the motion to vacate is granted, the order dated May 31, 1988, is vacated, and the plaintiff's complaint is reinstated on the condition that the plaintiff's counsel personally pays the sum of $250 to the defendant Honig Industrial Diamond Wheel, Inc., and $250 to the defendant Wil-Brook Realty Corp., within 20 days after

service upon the plaintiff's counsel of a copy of this decision and order, with notice of entry; in the event that condition is not complied with, the order dated September 16, 1988, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated May 31, 1988, is dismissed, without costs or disbursements, as academic in view of the determination of the appeal from the order dated September 16, 1988.

While the Supreme Court accurately observed that the plaintiff had failed to complete depositions and to file a note of issue by the dates set forth in the court's preliminary conference order, the striking of the complaint constituted an improvident exercise of discretion under the circumstances presented by this case. Inasmuch as the record demonstrates that the plaintiff acted in good faith in conducting discovery, the failure to comply strictly with the terms of the preliminary conference order was due to an oversight and not to willful or contumacious misconduct or dilatory tactics (see generally, Vierya v Briggs & Stratton Corp., 166 AD2d 645; Sawh v Bridges, 120 AD2d 74; Horowitz v Camp Cedarhurst & Town & Country Day School, 119 AD2d 548), and the defendants suffered no prejudice as a result of the delay, the drastic remedy of dismissal of the complaint was unwarranted (see, e.g., Bermudez v Laminates Unlimited, 134 AD2d 314; Croce v Abraham & Straus, 123 AD2d 561; Ehmer v Modernismo Publs., 120 AD2d 483). Accordingly, we have imposed an appropriate lesser sanction against the plaintiff's counsel. Bracken, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.