■ In the Matter of JOHN STEIERT et al., Appellants, v TOWN OF DELAWARE et al., Respondents. (And 10 Other Related Proceedings.) [596 NYS2d 500] —Casey, J. Appeals from four orders of the Supreme Court (Bradley, J.), entered December 10, 1991 in Sullivan County, which, in 11 proceedings pursuant to RPTL article 7, granted respondents' motions to dismiss the petitions for failure to file appraisal reports.

As the result of a conference held between counsel for the parties on or about January 28, 1991, a letter from respondents' counsel was sent on February 14, 1991 to the Justice then assigned to the proceeding, who signed it "So ordered" on April 5, 1991. Among the provisions of the letter was the following: "3. The failure of any property owner to submit an appraisal on or before August 31, 1991, would be grounds for a dismissal of the Petition filed by that property owner." Upon petitioners' failure to timely file their appraisals, respondents moved to dismiss the proceedings. Supreme Court granted respondents' motions to dismiss. Petitioners appeal.

In our view, dismissal by Supreme Court was an abuse of discretion, and its orders should be reversed. In response to the motions, petitioners demonstrated that the appraisals were prepared and forwarded to petitioners' then-counsel in a timely fashion, but were inadvertently not filed with the court due to confusion over whether counsel would continue repre-

sentation of petitioners. The filing of the appraisals was 40 days late. However, there has been no showing that this delay occasioned any prejudice to respondents and the delay was clearly the result of law office failure only. In these circumstances, the drastic remedy of dismissal was too severe.

Weiss, P. J., Mikoll, Mercure and Mahoney, JJ., concur. Ordered that the orders are reversed, on the law and the facts, with costs, and motions denied.