■ VALERIE VAN INWEGEN, Respondent, v EUGENE LUCIA et al., Appellants. [596 NYS2d 542] —Levine, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Hickman, J.), entered November 15, 1991 in Orange County, which denied defendants' motions to, *inter alia,* dismiss the complaint for failure to obey a court order.

On March 27, 1991, Supreme Court issued a preliminary conference order which required plaintiff to serve bills of particulars on defendants by May 30, 1991. In July and August 1991, each defendant moved to dismiss the complaint

due to plaintiff's failure to comply with this order or, in the alternative, to preclude plaintiff from offering evidence which was not provided in response to the bills of particulars and other demands made by defendants. On September 5, 1991, plaintiff responded to the motions by submitting bills of particulars. Defendants attacked the inadequacies of plaintiff's bills of particulars in their reply papers. Supreme Court denied defendants' motions and declined to address the inadequacies of the bills of particulars, on the ground that the issue was outside the scope of defendants' original motion. Supreme Court extended the time to file a note of issue from November 15, 1991 to February 28, 1992 to permit plaintiff to address defendants' objections to plaintiff's bills of particulars. Defendants appeal. We now affirm.

Despite plaintiff's unexplained delay in submitting a response to defendants' discovery demands, it was within Supreme Court's discretion to deny defendants' motions for dismissal of plaintiff's complaint, there being no showing that the delay was willful. "[A]bsent a showing that the noncomplying party's conduct was willful or contumacious, the harsh sanction of dismissal of a complaint will generally not be warranted" (*Sawh v Bridges,* 120 AD2d 74, 78, *appeal dismissed* 69 NY2d 852; *see,* CPLR 3126). We also note that the order disregarded was not a conditional order of preclusion (*see,* CPLR 3042 [e]; Siegel, NY Prac §§ 241, 367, at 361, 537 [2d ed]). Likewise, it was not an abuse of discretion for Supreme Court to decline to address defendants' claims regarding the inadequacies of plaintiff's responses to the demands for the bills of particulars, and, in essence, to invite defendants to make appropriate later motions specifically addressed to that issue.

Weiss, P. J., Mikoll, Mercure and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.