■ MURAT CECUNJANIN et al., Respondents, v ROCK MC-GRAW, INC., Defendant, and OTIS ELEVATOR COMPANY, Third-Party Plaintiff-Appellant. ROCKEFELLER CENTER MANAGEMENT CORPORATION, Third-Party Defendant-Respondent. [619 NYS2d 97] —In an action to recover damages for personal injuries, etc., the defendant Otis Elevator Company appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Kings County (Hutner, J.) dated March 2, 1993, as denied those branches of its motion which were to compel the plaintiff Murat Cecunjanin to submit to a magnetic resonance imaging examination and to compel Rockefeller Center Management Corporation to respond to Item No. 3 of its notice of discovery and inspection.

Ordered that the order is modified, by deleting the provision thereof which denied that branch of the motion of Otis Eleva-

tor Company which was to compel the third-party defendant Rockefeller Center Management Corporation to respond to Item No. 3 of the notice for discovery and inspection, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the time for the third-party Rockefeller Center Management Corporation to respond to Item No. 3 is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry.

With regard to the notice for discovery and inspection which Otis Elevator Company served on the third-party defendant Rockefeller Center Management Corporation (hereinafter RCMC), we note that under these circumstances the failure of RCMC to move within 10 days after service of the notice for a protective order pursuant to CPLR 3122 " 'foreclose[d] all inquiry concerning the propriety of the notice of discovery and inspection and the information sought' " *(Dalley v LaGuardia Hosp.,* 130 AD2d 543, 544-545, quoting *Caveny v Sorrano,* 84 AD2d 557). CPLR 3122 was amended effective January 1, 1994, to cast the burden of moving, in circumstances which exist in the case at bar, on the party seeking discovery. However, under the previous mandate of this section, the burden was on the party from whom discovery was sought to make the appropriate motion.

In any event, under these circumstances, there was no valid reason to defer a review of the request until after RCMC had been deposed *(see, Palmiere v Kilcourse,* 91 AD2d 657).

With respect to the results of a "CAT" scan which the plaintiffs had provided, although those films may have been "technically sub-optimal", the neurologist retained by Otis Elevator Company was able to definitively diagnose the injured plaintiff's condition based on his review of these films. Accordingly, Otis Elevator Company has failed to show it was entitled to compel the injured plaintiff to undergo a magnetic resonance imaging examination *(cf., Lapera v Shafron,* 159 AD2d 614). Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.