Erika Brodie et al., Appellants, v Elena Adolphus et al., Respondents. [644 NYS2d 423] —Mercure, J.

This libel action arises out of defendants' alleged publication of a defamatory letter in February 1993, when all of the parties were officers or members of the Albany Law School chapter of the Black Law Students Association. Upon several defendants' cross motions for summary judgment, Supreme Court determined as a matter of law that the subject writing was reasonably susceptible to a defamatory interpretation but was conditionally privileged because of the parties' common interest in the subject matter of the writing, i.e., plaintiffs' conduct as officers of the association. Because no discovery had been conducted, Supreme Court reserved decision on the motions to allow for depositions and the submission of further affidavits on the issue of defendants' malice in making the defamatory statements. At approximately the same time, Supreme Court granted defendant Karen Thompson's ex parte application for an order pursuant to CPLR 8501 (a) that plaintiffs (both nonresidents) each give security for Thompson's costs in the amount of $750 within 30 days of the date of service of the order with notice of entry thereof.

The orders on the summary judgment motions and the motion pursuant to CPLR 8501 (a), together with notice of entry, were served on plaintiffs' counsel on February 2, 1995. Citing plaintiffs' failure to post the required security, on March 14, 1995 Thompson moved to dismiss the complaint pursuant to CPLR 8502. The motion was joined in by several other defendants. Plaintiffs posted the security on March 23, 1995 and opposed the dismissal motion with an affidavit of their counsel detailing the facts and circumstances surrounding the default in posting the security within the time specified in Supreme Court's order. Specifically, plaintiffs' counsel stated that the order requiring the giving of security (which was not expected because it had been issued ex parte) was served together with the order on the summary judgment motions and was simply overlooked and filed with the other papers. As a result, plaintiffs and their counsel were unaware of the exis-

tence of the order until receipt of the papers on Thompson's dismissal motion. Supreme Court granted the motion and dismissed the complaint against all defendants. Plaintiffs appeal.

We conclude that, on the facts present here, including the very brief period of plaintiffs' default (17 days by our calculation), the tenable showing of excusable law office failure on the part of their counsel, plaintiffs' obvious intention to pursue the action to a determination on the merits and the absence of any demonstrated prejudice to defendants, the ultimate sanction of dismissal was unwarranted (*see, Matter of Beauregard v Millwood-Beauregard*, 207 AD2d 633). Instead, we shall impose a sanction in the amount of $1,500 to be paid by plaintiffs' counsel personally to those defendants filing briefs on this appeal (*see, supra*).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and motion denied except to the extent that plaintiffs' counsel is directed to pay $500 each to defendants Elena Adolphus, Karen Thompson and Michele Welcome within 20 days of the date of this Court's decision.