■ JOHN E. PYRON, Appellant-Respondent, v BANQUE FRANCAISE DU COMMERCE EXTERIEUR, Respondent-Appellant. [682 NYS2d 371] —Order, Supreme Court, New York County (Paula Omansky, J.), entered March 26, 1998, which, to the extent appealed from, granted defendant employer's motion to vacate the note of issue and certificate of readiness to the extent of directing plaintiff to produce a copy of his employment agreement with the Bank of Kuwait and his income tax returns from 1993 to the present, unanimously reversed, on the law and the facts, with costs, and the motion denied in its entirety.

By notice dated June 12, 1996, defendant sought, *inter alia,* plaintiff's personal income tax returns from 1993 to the present, all documents relating to his employment agreement with the Bank of Kuwait, all documents relating to any other lawsuits plaintiff had brought against other employers and all documents relating to plaintiff's pension or other retirement benefits. On June 17, 1996, plaintiff objected to the demand for these documents, protesting that the tax returns were confidential and irrelevant; that the Bank of Kuwait employment agreement was irrelevant; that documents regarding any other lawsuits were both confidential and irrelevant; that attorney correspondence was confidential; and that the pension information was irrelevant.

Almost six months later, on December 4, 1996, defendant wrote to plaintiff requesting the response to the June notice and justification for his stated legal positions. Plaintiff responded that no relevant documents responsive to the demand could be found, other than those that are privileged or confidential.

Defendant then moved to vacate the note of issue and certificate of readiness, maintaining that the June 12, 1996 demands remained outstanding and that it would be "severely prejudiced" without the information.

The motion court abused its discretion in granting the disclosure sought.

Pursuant to CPLR 3122, as amended effective January 1, 1994, it is the obligation of the party seeking disclosure to

move to compel disclosure; no longer may the party who served a discovery notice rely upon the recipient's failure to seek a protective order within ten days, as was previously the case (*see, Cecunjanin v Rock McGraw, Inc.*, 209 AD2d 571). Defendant failed to carry its burden under CPLR 3122.

Defendant never showed its entitlement to the tax returns on the ground that the information could be obtained no other way (*see, David Leinoff, Inc. v 208 W. 29th St. Assocs.*, 243 AD2d 418, 419-420; *Matter of Miller*, 234 AD2d 47; *Gordon v Grossman*, 183 AD2d 669). Rather than advance *any* reason for the necessity of the returns, defendants relied solely on a waiver argument, based upon the plaintiff's earlier production of the pre-1993 tax returns. However, even if it can be said that such production waived confidentiality as to the earlier returns, it cannot be said that the plaintiff's important privacy interest in *all* his returns could be so waived. It cannot be said that the earlier production conferred relevance on the other returns. Nor was there any showing that the Kuwait Bank agreement was relevant.

Nor did defendant demonstrate any relevance to the other financial information it sought. Plaintiff correctly maintains that his financial status is irrelevant since the employment agreement at issue provides for a liquidated sum and there is no issue of mitigation (*see, Boyle v Petrie Stores Corp.*, 136 Misc 2d 380, 392-393). The clause in the retirement agreement, reciting that its benefits were being given to compensate plaintiff for benefits he lost by leaving previous employment, does not change the sum to which he would be entitled under the agreement. The suggestions that this information, as well as discovery of other lawsuits, is necessary to show plaintiff's "pattern" of switching jobs to extract monies, and that in other actions he *may have* provided facts regarding his agreement with defendant, are both entirely speculative, and were not advanced before the motion court.

Inasmuch as none of the items sought by the defendant was discoverable, nothing remained outstanding, and therefore it was not a misrepresentation to state that all disclosure was complete. Plaintiff's response to the demand satisfied his obligation under CPLR 3122 (b) of setting forth the reasons justifying the withholding (*see, Twenty Four Hour Fuel Oil Corp. v Hunter Ambulance*, 226 AD2d 175). Concur—Rosenberger, J. P., Wallach, Rubin and Saxe, JJ.