◼ In the Matter of SDR HOLDINGS, INC., Appellant, v TOWN OF FORT EDWARD et al., Respondents. (And Two Other Related Proceedings.) [735 NYS2d 656] —Cardona, P.J. Appeal from that part of an order of the Supreme Court (Moynihan, Jr., J.), entered May 30, 2001 in Washington County, which, in three proceedings pursuant to RPTL article 7, partially granted respondents' motion to dismiss the petitions.

In July 1998, and again in 1999 and 2000, petitioner commenced three tax certiorari proceedings pursuant to RPTL article 7 for the purpose of challenging respondents' valuation of a paper recycling transfer station for the 1998, 1999 and 2000 tax years. Thereafter, a preliminary conference was held on December 14, 2000, at which the parties agreed that petitioner would file a statement of income and expenses on January 15, 2001, file a note of issue on January 31, 2001, file and exchange appraisal reports on April 1, 2001 and, on May 16, 2001, a trial of the matter would be conducted. The day after the conference, one of the attorneys in the law firm retained by petitioner sent a letter to Supreme Court formalizing the

parties' agreement into a scheduling order. In the letter, the attorney indicated to the court that he was changing law firms and another attorney from the firm would be handling the matter. Supreme Court signed the scheduling order on December 21, 2000.

Subsequently, on March 28, 2001, with petitioner having not yet filed the statement of income and expenses or note of issue, respondents moved to dismiss the petition. On April 13, 2001, petitioner cross-moved for an extension of time within which to file a statement of income and expenses, an appraisal report and a note of issue. In his affirmation, the new attorney representing petitioner explained, inter alia, that he had been involved in another trial and the scheduling order was not properly brought to his attention. He further detailed matters that occurred which added to confusion over settlement issues and resulted in petitioner's failure to comply with the scheduling order. Supreme Court granted respondents' motion to dismiss the petition challenging the 1998 tax assessment and, inter alia, denied said motion with respect to the 1999 and 2000 proceedings, prompting this appeal by petitioner.

There is no question that petitioner should have complied with the scheduling order and Supreme Court had the discretion to impose an appropriate sanction for the failure to comply. Upon our review of this record, however, we do not agree with Supreme Court that dismissal of the 1998 RPTL article 7 proceeding was appropriate. There is no evidence herein or a finding that the failure to timely comply with the scheduling order was willful, contumacious and prejudicial. " '[A]bsent a showing that the noncomplying party's conduct was willful or contumacious * * *' " (*Van Inwegen v Lucia*, 192 AD2d 834, 835, quoting *Sawh v Bridges*, 120 AD2d 74, 78, *appeal dismissed* 69 NY2d 852), a court should ordinarily not dismiss a complaint or petition for failure to comply with a scheduling order made as a result of a preliminary conference (*see, Arcuri & Sons v Alfonsi*, 242 AD2d 313; *Hocevar v Honig Indus. Diamond Wheel*, 172 AD2d 588, 589). This is especially the case when "the order disregarded was not a conditional order of preclusion" (*Van Inwegen v Lucia, supra,* at 835; *see, Arcuri & Sons v Alfonsi, supra,* at 313; *see also, Matter of Twin Towers Assoc., Ltd. Partnership of Albany v Board of Assessors of City of Albany*, 261 AD2d 705) and the opposing party has not been prejudiced (*see, Hocevar v Honig Indus. Diamond Wheel, supra,* at 589).

Notably, Supreme Court found the excuse of law office failure for the noncompliance to be "plausible" and gave no indica-

tion that it considered the delay in filing to be willful (*see, Matter of Twin Towers Assoc., Ltd. Partnership of Albany v Board of Assessors of City of Albany, supra,* at 707). In addition, the scheduling order was not a conditional order of preclusion, nor was there language indicating that the order was a conditional order of dismissal (*see, e.g., id.*). Furthermore, there is no substantive allegation of direct prejudice resulting from a failure to comply with the scheduling order (*see, Matter of Steiert v Town of Delaware,* 192 AD2d 801, 802; *Hocevar v Honig Indus. Diamond Wheel, supra,* at 589). Although we recognize Supreme Court's broad discretion in supervising the discovery process (*see, Matter of Pyramid Mgt. Group v Board of Assessors of Town of Guilderland,* 243 AD2d 876, 877) and appreciate its understandable displeasure over the delays in processing this proceeding, we find that the drastic sanction of dismissal was not appropriate under the particular circumstances of this case. Accordingly, we conclude that petitioner's cross motion to amend the scheduling order with respect to the 1998 proceeding should have been granted. Given the time that elapsed since the submission of the motion, however, we deem it appropriate to remit the matter to Supreme Court to fashion a scheduling order.

We have examined the remaining issues raised by the parties and find them to be either unpersuasive or rendered academic by our resolution of the foregoing issues.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted respondents' motion to dismiss the petition and as denied petitioner's cross motion to amend the scheduling order for the 1998 tax year; motion denied to said extent, cross motion granted to that extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.