■ Gwendolyn Thomas, Appellant, v Benedictine Hospital et al., Respondents, et al., Defendant. [745 NYS2d 606] —Spain, J. Appeal from an order of the Supreme Court (Bradley, J.), entered April 26, 2001 in Ulster County, which, inter alia, denied plaintiff's motion to compel defendant Benedictine Hospital to produce certain individuals for examination.

Plaintiff was a patient at defendant Benedictine Hospital for approximately 2½ weeks and, during that time, received treatment for a leg fracture from defendant Thomas S. Ingarra, a physician on the staff of the hospital, and defendant John V.

Ioia, a physician employed by defendant Hudson Valley Ortho-pedic Center P.C. (hereinafter Hudson Valley) who had privi-leges at the hospital. In May 1999, plaintiff commenced this medical malpractice action against these four parties.

At a preliminary conference on this matter, Supreme Court established a scheduling order which included specific dates for deposing all parties. The deposition of the hospital was scheduled for October 5, 2000 and of Ioia for November 9 and 10, 2000. As multiple individuals rendered care to plaintiff during her hospitalization, the hospital asked plaintiff to identify which individuals she wanted produced for the October 5th deposition. Rather than seeking to depose any individual who actually rendered care to plaintiff, plaintiff requested that the hospital produce a "nursing administrator with personal knowledge as to nursing guidelines, protocol and procedure during the period of plaintiff's admission."

The hospital produced its quality improvement coordinator, whose responsibilities included educating new employees and searching for alternative methods of quality improvement, but who previously served the hospital as a staff nurse, nursing supervisor and nurse manager. Dissatisfied with the scope of this witness's testimony—as shaped, in part, by numerous objections from opposing counsel to the form and content of the questions posed by plaintiff's counsel—plaintiff unilaterally canceled the scheduled deposition of Ioia and requested that the hospital produce for deposition their vice-president of nurs-ing and two administrative directors. Plaintiff asserted, and continues to assert, that to effectively depose the named physi-cians, she must first have the opportunity to further depose the hospital. At a December 12, 2000 status conference, Supreme Court granted plaintiff leave to make written applica-tion for further deposition of the hospital, but specifically denied plaintiff's request to hold the deposition of Ioia in abey-ance until after the hospital had been further deposed. Instead, the court ordered that Ioia be deposed on the earliest date that he was available.

On the same day, Ioia's attorneys notified plaintiff's counsel that Ioia would be available for deposition on January 12, 2001. Plaintiff, however, declined to depose Ioia on that day, assert-ing that counsel was unavailable and that, in any event, Ioia's deposition would not be scheduled until Supreme Court resolved plaintiff's application for further deposition of the hospital. The following day, plaintiff sought such further dep-osition by order to show cause. Ioia and Hudson Valley cross-moved, seeking either to dismiss the complaint against them

for failure to obey an order of the court or to preclude plaintiff from taking Ioia's deposition.

Supreme Court denied, without prejudice, plaintiff's motion to further depose the hospital, finding that it was premature for plaintiff to depose the three nursing supervisors—who undisputedly were not directly involved in plaintiff's care—prior to ascertaining the specific facts surrounding the care and treatment which plaintiff received by, inter alia, deposing her treating physicians. The court granted the cross motion of Ioia and Hudson Valley, dismissing the complaint against them in light of plaintiff's failure to comply with its previous order directing that Ioia be deposed at his earliest convenience. Plaintiff appeals.

Turning first to plaintiff's argument that Supreme Court erred in denying her request to depose the hospital further prior to deposing her treating physicians, it is well settled that a trial court's decision regarding the scope of discovery will not be disturbed on appeal absent a clear abuse of discretion (*see, Saratoga Harness Racing v Roemer*, 290 AD2d 928, 929; *Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland*, 287 AD2d 866, 868, *lv dismissed* 98 NY2d 634; *Jackson v Dow Chem. Co.*, 214 AD2d 827, 828). A party seeking additional depositions must demonstrate the inadequacy of the persons previously produced and that the proposed additional witnesses possess information material and necessary to the case (*see, Barone v Great Atl. & Pac. Tea Co.*, 260 AD2d 417, 418; *Zollner v City of New York*, 204 AD2d 626, 627; *Lotz v Albany Med. Ctr. Hosp.*, 85 AD2d 836; *Dow v Xciton Corp.*, 75 AD2d 972; *see generally*, CPLR 3101 [a]). Here, it is unclear whether the additional witnesses sought have knowledge relevant to the case that differs from the witness originally produced, given the fact that the witness deposed held positions in the past which appear comparable to the positions held by the additional witnesses. Indeed, given the difficulty that plaintiff's counsel had in extracting information from the original witness deposed, it is difficult to tell from the record whether plaintiff is correct in asserting that the witness lacked knowledge of the information sought.

Even assuming the original witness produced was inadequate, Supreme Court denied plaintiff's request *without prejudice*, thereby rendering no decision as to whether the testimony sought ultimately may be necessary to prove plaintiff's case. The court merely rejected plaintiff's argument that it was necessary to depose the nursing administrators prior to deposing the doctors, finding that plaintiff could seek discovery of the

hospital's written policy and procedures manual and depose witnesses with knowledge concerning the actual facts that form the basis of her complaint and then, should such information prove insufficient, renew her motion. Under these circumstances, and recognizing Supreme Court's authority to set schedules and timetables for discovery (*see, Matter of Rattner v Planning Commn. of Vil. of Pleasantville*, 156 AD2d 521, 528-529, *lv dismissed* 75 NY2d 897), we cannot say that Supreme Court abused its discretion in denying plaintiff's request, at the time, for additional depositions.

Next, the record clearly demonstrates that plaintiff unjustifiably failed to comply with Supreme Court's order directing her to depose Ioia on the earliest date that *he* was available to be deposed. Indeed, immediately after the court rejected her request to adjourn the doctor's deposition until further depositions of the hospital could be conducted, plaintiff refused to schedule Ioia's deposition, insisting that the hospital depositions must first be accomplished. However, while we recognize that the nature of the penalty to be imposed against a party who refuses to obey an order for disclosure ordinarily is within the discretion of the trial court (*see, Zletz v Wetanson*, 67 NY2d 711, 713; *Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland, supra* at 870), "absent a showing that the noncomplying party's conduct was willful or contumacious * * * a court should ordinarily not dismiss a complaint or petition for failure to comply with a scheduling order made as a result of a preliminary conference" (*Matter of SDR Holdings v Town of Fort Edward*, 290 AD2d 696, 697 [internal quotation marks and citations omitted]). "This is especially the case when 'the order disregarded was not a conditional order of preclusion' * * * and the opposing party has not been prejudiced * * *" (*id.* at 697, quoting *Van Inwegen v Lucia*, 192 AD2d 834, 835 [citations omitted]; *see, Silverberg v Community Gen. Hosp. of Sullivan County*, 290 AD2d 788, 789; *Brodie v Adolphus*, 228 AD2d 919; *Magie v Fremon*, 162 AD2d 857, 858).

Here, no showing of prejudice has been made by defendants. Further, although plaintiff's failure to comply with Supreme Court's scheduling order is unjustified and apparently willful, it appears to have been based on a belief—however erroneous—that they were legally entitled to demand further depositions of the hospital prior to deposing the doctors rather than an intent to engage in an "evasive, misleading and uncooperative course of conduct or strategy of delay that would justify the drastic penalty of dismissal" (*Matter of Beauregard v Millwood-Beauregard*, 207 AD2d 633, 633-634; *cf., Zletz v Wet-*

*anson, supra* at 713; *Saratoga Harness Racing v Roemer*, 290 AD2d 928, 930, *supra*). In our view, the drastic sanction of dismissal was not appropriate under the particular circumstances presented here (*see, Matter of SDR Holdings v Town of Fort Edward, supra* at 698; *Brodie v Adolphus, supra*; *see also, Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745) but, given the seriousness of such a blatant disregard for the court's order, we hold that the cross motion should have been granted insofar as it sought to preclude plaintiff from deposing Ioia.

Crew III, J.P., Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the cross motion of defendants John V. Ioia and Hudson Valley Orthopedic Center P.C. to dismiss the complaint against them; cross motion to preclude and plaintiff precluded from deposing Ioia granted; and, as so modified, affirmed.