We substitute our discretion for that of the motion court (see Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745 [2000]), since there is no indication in the record that the documents sought are relevant to Gama’s claim for lost profits. Gama articulated a narrow claim based on the grounding of a specific aircraft in October 2010, after the aircraft was booked for between 250 and 300 flight hours over the course of the following 12 months, which was expected to produce revenue of over $1 *457 million. Although pre-2011 financial information and tax returns were produced, defendants have not demonstrated that any of the information provided has any bearing on the specific claim for lost profits.
With respect to the requested tax returns, defendants failed to show that there is an indispensable need for them, or that the information sought is unavailable through other sources (see Nanbar Realty Corp. v Pater Realty Co., 242 AD2d 208, 209-210 [1st Dept 1997]). Gama’s prior disclosure of pre-2011 data did not operate to waive all objections or privacy interests in the post-2010 data, nor did this earlier production confer relevance on the post-2010 returns (see Pyron v Banque Francaise du Commerce Exterieur, 256 AD2d 204, 205 [1st Dept 1998]).
We have considered the parties’ additional arguments and find them unavailing. Concur — Sweeny, J.E, Renwick, Andrias, Freedman and Feinman, JJ.