OPINION OF THE COURT
Doris Ling-Cohan, J.
It is ordered that all counsel for the parties, along with the claims adjuster for the insurance carrier appearing for defen *1054 dant, shall appear before the court-assigned mediator Shelley Rossoff Olsen, on Friday, February 27, 2009 at 12 o’clock noon, room 106, at 80 Centre Street, New York, New York. It is further ordered that upon the failure of the defendant’s insurance carrier’s adjuster to appear at the above-scheduled court date, an order will be entered against defendant striking defendant’s answer, for the failure to comply with a court order.
Court orders must be obeyed for the court system and process to have any effect. As stated by the Court of Appeals:
“In Kihl v Pfeffer (94 NY2d 118, 123 [1999]), we affirmed the dismissal of a complaint for failure to respond to interrogatories within court-ordered time frames, observing that c[i]f the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity.’ ” (Brill v City of New York, 2 NY3d 648, 652-653 [2004].)
Should defendant’s insurance company’s claims adjuster fail to appear at the above-scheduled mediation date, counsel for defendant shall appear on such date and time with an affirmation made under penalty of perjury, explaining why his/her client’s pleadings should not be stricken for failure to comply with this court’s order. Failure to appear with such an affirmation will be deemed prima facie evidence of willful and contumacious conduct warranting sanctions. (See Brewster v FTM Servo, Corp., 44 AD3d 351, 352 [1st Dept 2007] [“(plaintiffs) unexplained noncompliance with a series of court-ordered disclosure mandates . . . created an inference of willful and contumacious conduct”].)
The within order is a result of the failure of defendant to obey two prior directives by the court mediator Shelley Rossoff Olsen, requiring the appearance at a mandatory mediation date, of the claims adjuster for the insurance carrier appearing for the defendant. The claims adjuster was previously specifically directed to appear at mediation dates on January 30, 2009 and on February 20, 2009, yet both directives were blatantly ignored.
The court’s Neutral Evaluation Program (“Mediation”) was developed to facilitate settlements and conserve judicial resources. (See Protocol for the Court — Annexed Neutral Evaluation Program [“Mediation”], http://www.nycourts.gov/ supctmanh/Neutral_Evaluations.htm.) When a note of issue is filed in a case assigned to a General Assignment Part, the case is automatically assigned for mediation. (Id.) Because the media *1055 tion process addresses the merits of the case, appearing counsel are required to be knowledgeable and fully authorized to settle. (Id.) Moreover, when necessary, “[c]laims adjusters or other persons with full authority to settle on the part of defendants are present. . . Experience has demonstrated that the presence at the [mediation] of the decision-maker for a party can greatly assist the productivity of the process.” (Id.) Similarly, the Uniform Rules for Trial Courts also provide that, where appropriate, a court may order “parties, representatives of parties, representatives of insurance carriers of persons having an interest in any settlement... to also attend . . . at. . . settlement conference[s].” (Uniform Rules for Trial Cts [22 NYCRR] § 202.26 [e].)
Thus, such mediation procedures were established to resolve cases expeditiously and conserve judicial resources and defendant’s failure to produce an insurance claims adjuster as twice directed by the mediator, evidences willful and contumacious conduct which cannot be tolerated by this court.