■ CARNEGIE ASSOCIATES LTD., Appellant/Counter Defendants-Appellants, v ERIC J. MILLER et al., Respondents/Counterclaim Plaintiffs-Respondents. [946 NYS2d 107]—

Order, Supreme Court, New York County (Richard B. Lowe III, J.), entered October 25, 2010, which granted defendants' motion to dismiss the complaint and to strike the reply to their counterclaims, and imposed monetary sanctions, modified, on the law, to deny defendant's motion to dismiss plaintiff's complaint and reply to defendant's counterclaims, and otherwise affirmed, without costs. Plaintiff's appeal from the order, same court and Justice, entered December 16, 2010, which, inter alia, denied plaintiff's motion for renewal, unanimously dismissed, without costs, as academic.

The motion court erred in striking the complaint and reply to defendants' counterclaims since neither CPLR 3126 nor 22 NYCRR 202.26 (e) authorizes this sanction under the circumstances. While CPLR 3126 authorizes the striking of a party's pleadings, this extreme sanction is only authorized when a party "refuses to obey an order for *disclosure* or willfully fails to *disclose information* which the court finds ought to have been disclosed" (CPLR 3126 [emphasis added]). Thus, by its express terms the sanction prescribed by CPLR 3126 is warranted only upon a party's failure to comply with discovery requests or court orders mandating disclosure (*Bako v V. T. Trucking Co.*, 143 AD2d 561 [1988]; *Henry Rosenfeld, Inc. v Bower & Gardner*, 161 AD2d 374, 374-375 [1990] [dismissal of a party's pleading appropriate when a party "disobeys a court order and by his conduct frustrates the disclosure scheme provided by the CPLR"]; *Bassett v Bando Sangsa Co.*, 103 AD2d 728, 728 [1984]). Here, where plaintiff had already been sanctioned for its failure to provide discovery and where defendants premised the instant motion to strike plaintiff's pleadings primarily on

plaintiff's failure to proceed with court-ordered mediation, CPLR 3126 simply does not apply.

Similarly, despite plaintiff's conceded failure to proceed with the court-ordered mediation, it was also error to strike its pleadings pursuant to 22 NYCRR 202.26 (e). While 22 NYCRR 202.26 authorizes the trial court to schedule pretrial conferences, a mediation, pursuant to rule 3 of the Rules of the Commercial Division of the Supreme Court (22 NYCRR 202.70 [g]), is not a pretrial conference. More importantly, even if this rule did apply, the only sanction authorized by 22 NYCRR 202.26 (e) for a party's failure to appear at a pretrial conference is "a default under CPLR 3404," which initially only authorizes the striking of the case from the court's trial calendar. Accordingly, here, striking plaintiff's pleadings, which by operation of law resulted in dismissal of this action is not warranted pursuant to 22 NYCRR 202.26 (e).

While we agree with the dissent that plaintiff's conduct was egregious, we nevertheless find that the sanction imposed by the motion court, namely, dismissal of plaintiff's complaint and the striking of its reply to defendant's counterclaims was simply not permitted. We further note that, here, plaintiff was in fact penalized for its conduct inasmuch as the motion court granted defendants' motion for costs and fees incurred as a result of plaintiff's failure to proceed to mediation.

In support of its argument that the motion court's order was appropriate, the dissent partly relies on rule 8 (h) of the Rules of the Alternative Dispute Resolution Program, Commercial Division, Supreme Court, New York County. However, the dissent alone raises this argument, one which has never been advanced by any of the parties, either on appeal or below. Therefore, we should not consider it (*Misicki v Caradonna*, 12 NY3d 511, 519 [2009] ["We are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made"]). Moreover, contrary to the dissent's remaining position, rule 12 of the Rules of the Commercial Division of the Supreme Court (22 NYCRR 202.70 [g]) does not avail plaintiff since like 22 NYCRR 202.26 (e), the dismissal promulgated by rule 12, which is made more clear by its reference to 22 NYCRR 202.27, is for the failure to appear at a conference and not for the failure to proceed to mediation. Concur—Sweeny, Moskowitz, Richter and Román, JJ.

Andrias, J.P., dissents in a memorandum as follows: Because I believe that Supreme Court had the authority to sanction plaintiff for its failure to mediate as ordered, and that the strik-

ing of the complaint and the reply to counterclaims was a provident exercise of discretion, I respectfully dissent and would affirm the orders on appeal.

In January 2010, Supreme Court declined to strike plaintiff's pleadings but sanctioned it for "unnecessary and perhaps egregious [discovery] delay[s]." By so-ordered stipulation dated March 18, 2010, the parties agreed to "mediation through the Commercial Division ADR [Alternative Dispute Resolution] process."

The mediation was scheduled for April 20, 2010, but was postponed when plaintiff's counsel, Jonathan Abraham, confirmed that Sherwood Schwarz, a necessary decision maker for plaintiff, would not attend. The mediation was rescheduled for July 26, 2010, but was cancelled because Mr. Abraham failed to file a mediation statement on plaintiff's behalf. Consequently, the mediator asked that the matter be reassigned because he had "formed a bias against plaintiff's lawyer" due to the latter's failure to communicate and his "extraordinarily cavalier attitude . . . toward the mediation process, the Court, and [the mediator]."

Pursuant to CPLR 3126 and 22 NYCRR 202.26 (e), defendants moved to strike the complaint and the reply to counterclaims based on plaintiff's failure to mediate. Supreme Court granted the motion, finding that plaintiff, despite narrowly escaping dismissal for discovery violations, had continued to proceed in this litigation in a manner that could only lead to a conclusion that its conduct was willful and contemptuous.

"[I]f the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity" (*Brill v City of New York*, 2 NY3d 648, 652 [2004], quoting *Kihl v Pfeffer*, 94 NY2d 118, 123 [1999]). While neither CPLR 3126 and 22 NYCRR 202.06 (e) expressly gives the court the authority to strike a party's pleadings based on the failure to mediate, plaintiff did not raise that objection in its opposition to defendants' motion or in its motion to renew, and the issue is not preserved. Should we consider the issue, which raises a pure question of law, for the first time on appeal, it is appropriate that we determine whether there is any statute or rule that empowers the court to strike plaintiff's pleadings based on its failure to mediate as ordered.

Rule 3 of the Rules of the Commercial Division of the Supreme Court (22 NYCRR 202.70 [g]), provides that "[a]t any stage of the matter, the court may direct . . . the appointment of an uncompensated mediator." Rule 12 thereof provides that "[t]he failure of counsel to appear for a conference may result in a

sanction authorized by section 130.2.1 of the Rules of the Chief Administrator or section 202.27 of this Part, including dismissal, the striking of an answer, an inquest or direction for judgment, or other appropriate sanction."

The majority is of the belief that rule 12 is inapplicable because a mediation under the Commercial Division's Alternative Dispute Resolution process is not a "conference." However, rule 12 is included in the same section as rule 3, which empowers the court to direct mediation, and the Supreme Court, New York County, "Guide to the Alternate Dispute Resolution Program" defines "mediation" as "[a] process in which a Neutral attempts to facilitate a settlement of a dispute by conferring informally with the parties, jointly and in separate 'caucuses,' and focusing upon practical concerns and needs as well as the merits of each side's position" (Commercial Division, Supreme Court, New York County, Guide to the Alternate Dispute Resolution Program, at A [2], http://www.nycourts.gov/courts/comdiv/ADR_guide.shtml). Further, rule 8 (h) of the Rules of the Alternative Dispute Resolution Program, Commercial Division, Supreme Court, New York County provides that "[t]he Justice may impose sanctions or take such other action as is necessary to ensure respect for the court's Order and these Rules."

On the record before us, striking the complaint and the reply to counterclaims was a provident exercise of discretion. "[M]ediation procedures were established to resolve cases expeditiously and conserve judicial resources," and a party's failure to abide by the directives of a mediator evidences willful and contumacious conduct (*Perez-Wilson v McPhee*, 23 Misc 3d 1053, 1055 [Sup Ct, NY County 2009]). Continued noncompliance with court orders also gives rise to an inference of willful and deliberate behavior (*see Jones v Green*, 34 AD3d 260 [2006]). Here, despite the fact that it had previously been sanctioned for discovery delays and had its note of issue stricken, plaintiff demonstrated utter disregard for the court, the appointed mediator, and for opposing counsel by its failure to make Mr. Schwarz available for more than three months after the mediation order was entered, failure to submit a mediation statement, and failure to tell either the mediator or the defendants that it would not file until after the deadline passed.

Plaintiff's motion for renewal on the ground that it should not be sanctioned for its counsel's misconduct was correctly denied. Plaintiff did not submit adequate documentation of the alleged lack of communication between it and Mr. Abraham and the court properly denied plaintiff an adjournment to cure this

deficiency (*see Wolosin v Campo*, 256 AD2d 332 [1998]; *Ritt v Lenox Hill Hosp.*, 182 AD2d 560, 561-562 [1992] [rejecting defendant's reply containing a medical affidavit designed to cure the conclusory affidavit submitted with its initial motion]). In any event, plaintiff's in-house counsel received a copy of defendants' attorney's February 16, 2010 letter to the court, which referenced the first sanctions order, enumerated deficiencies in plaintiff's discovery responses, mentioned extensions to the note or issue deadline, and requested permission to file a second motion to dismiss. Given these circumstances, Supreme Court correctly found that plaintiff's in-house counsel was on notice of the situation and should have monitored it more closely, rendering plaintiff chargeable with the conduct of its attorney (*see Santiago v Santana*, 54 AD3d 929, 930 [2008] ["Even if the plaintiff's former attorney was responsible for both the lengthy delay in proceeding with trial and the plaintiff's failure to appear on the last three scheduled trial dates, where there is a pattern of default and neglect, the negligence of the attorney is properly imputed to the client"]).