Garry, J.
Appeal from an order of the Supreme Court (Devine, J.), entered December 27, 2012 in Albany County, which, among other things, struck defendant’s answer.
In 2008, plaintiff commenced this action against defendant, alleging breach of contract and unjust enrichment. In preparation for the jury trial that was to begin in early January 2013, Supreme Court ordered a pretrial conference in mid-December 2012 and, in accord with its established rules, demanded personal appearances by the parties. When counsel appeared unaccompanied by their respective clients, the court rescheduled the conference to take place on December 24, 2012, and again demanded personal appearances by the parties. At the rescheduled conference, plaintiff’s managing member appeared with counsel, and defendant’s counsel appeared with a representative who had been hired specifically for the purpose of appearing on defendant’s behalf. As this representative was neither an employee nor an officer of defendant, Supreme Court deemed the appearance unacceptable and consequently ordered defendant’s answer stricken, directing that the parties would proceed *968 to inquest rather than trial upon the scheduled date. Defendant appeals.[1]
Assuming without deciding that Supreme Court was empowered to reject the appearance by defendant’s agent,[2] we find that the order must nonetheless be reversed. Generally speaking, and based upon sound underlying policy, there is a strong judicial preference for determination of issues upon the merits (see Frank v Martuge, 285 AD2d 938, 939 [2001]; Lucas v United Helpers Cedars Nursing Home, 239 AD2d 853, 853 [1997]). Consistent with this policy, defendant’s failure to comply with the court’s directive for in-person appearance at a pretrial conference is not punishable by an order striking the pleadings. The applicable rule instead specifically authorizes the court only to deem a party’s failure to comply “a default under CPLR 3404,” which results in removal of the case from the trial calendar (22 NYCRR 202.26 [e]; see Carnegie Assoc. Ltd. v Miller, 94 AD3d 404, 405 [2012]). We therefore reverse the order of Supreme Court and reinstate defendant’s answer.
Peters, P.J., Lahtinen and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.

. This Court subsequently granted defendant’s motion for a stay of proceedings pending this appeal.

. The corporate defendant asserts that it is authorized to appoint agents to act on its behalf (see Business Corporation Law § 202 [a] [10]).