Moore v Nizam (2021 NY Slip Op 01946)





Moore v Nizam


2021 NY Slip Op 01946


Decided on March 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 30, 2021

Before: Gische, J.P., Singh, Scarpulla, Mendez, JJ. 


Index No. 301875/07 Appeal No. 13459 Case No. 2020-03529 

[*1]Martin Moore, as Administrator of the Goods, et al., Plaintiffs-Appellants,
v
Mohammed S. Nizam, M.D., et al., Defendants, Mark Ingram, M.D., et al., Defendants-Respondents.


William Schwitzer & Associates, New York (Jason C. Molesso of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered on or about December 17, 2019, which, to the extent appealed from as limited by the briefs, granted defendants Mark Ingram, M.D., New York City Health and Hospitals Corporation, and Lincoln Medical and Mental Health Center's motion to strike the complaint and dismiss the action as against them, based on plaintiff's failure to comply with discovery orders and to post court-ordered security for $250 in costs, unanimously affirmed, with costs.
The motion court providently exercised its discretion in striking the complaint and dismissing the action as against the moving defendants. Plaintiff failed to explain why he did not comply with six discovery orders issued between 2018 and 2019 directing him to serve a supplemental individualized bill of particulars as to Dr. Ingram (see generally CPLR 3126; Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]; Henderson-Jones v City of New York, 87 AD3d 498, 504-505 [1st Dept 2011]). Plaintiff's disagreement with the discovery orders does not excuse his noncompliance, where he repeatedly and explicitly agreed to provide the individualized bill of particulars, and failed to challenge any of the court's discovery orders (see Watson v City of New York, 157 AD3d 510, 515 [1st Dept 2018]); he, instead, simply ignored them. Plaintiff also failed to articulate a reasonable excuse for his delay in posting the ordered security (cf. Brodie v Adolphus, 228 AD2d 919, 919-920 [3d Dept 1996]; see generally CPLR 8502).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2021