Tantaros v Krechmer (2024 NY Slip Op 01261)

Tantaros v Krechmer

2024 NY Slip Op 01261

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024

Before: Renwick, P.J., Webber, Kennedy, Pitt-Burke, Michael, JJ. 

Index No. 650476/18 Appeal No. 1809 & M-208 Case No. 2022-04836 

[*1]Andrea K. Tantaros, Plaintiff-Respondent-Appellant, Astero, LLC, etc., Plaintiff,
v
Michael Krechmer Also Known as Michael Malice, Defendant-Appellant-Respondent.

Randazza Legal Group, PLLC, Brooklyn (Jay M. Wolman of counsel), and Duff Law PLLC, New York (Anderson J. Duff of counsel), for appellant-respondent.
Andrea K. Tantaros, respondent-appellant pro se.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about September 22, 2022, which, to the extent appealed from, upon reargument, adhered to prior orders granting plaintiff's motion for summary judgment on her breach of contract claim and dismissing the counterclaim and denying defendant's motions for entry of a default judgment on his counterclaim, unanimously modified, on the law, to deny plaintiff's motion seeking summary judgment on the breach of contract claim and dismissal of the counterclaim, and direct plaintiff to answer the reinstated counterclaim within 45 days, and otherwise affirmed, without costs.
In 2015, plaintiff, and defendant entered into a collaboration agreement concerning plaintiff's writing of a book. After the book was published, the parties became embroiled in a dispute concerning whether, among other things, defendant violated the confidentiality provision of the agreement.
Issues of fact concerning whether defendant breached the confidentiality agreement preclude the grant of summary judgment (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The underlying court granted summary judgment based on defendant's filing of a lawsuit in federal court, making allegations concerning his role in writing the book. However, the suit was filed under seal, and there is no legal authority for finding the filing of a suit under seal to be a breach of a contractual confidentiality agreement. Although the federal court expressed concern that defendant may have violated the sealing order before it was lifted (Under Seal v Under Seal, 273 F Supp 3d 460 [SD NY 2017]), plaintiff submitted no evidence in support of her motion to support that claim. In opposition to the motion, defendant raised issues of fact, including whether any of the other alleged communications breached the terms of the confidentiality agreement and whether plaintiff authorized the disclosures. The denial of plaintiff's motion for summary judgment on her breach of confidentiality claim undermines the basis for dismissing the counterclaim for breach of contract, because if defendant did not materially breach the contract, plaintiff is required to pay the remaining amount due.
We decline to review Tantaros' claim that the motion court, upon reargument, erroneously denied her motion for summary judgment on the defamation claim, inasmuch as her appeal from the order was dismissed (see 22 NYCRR 1250.10[a]).
The court providently denied defendant's motion to reargue the denial of his two motions to enter a default judgment on the counterclaim. In opposition to defendant's motion to reargue, plaintiff asserted that the complicated history of the case resulted in inadvertent failure to answer the counterclaim (see Marine v Montefiore Health Sys., Inc., 129 AD3d 428, 428-429 [1st Dept 2015]). In light of the policy in favor of resolving cases on the merits and lack of prejudice to defendant, the court providently adhered to the underlying orders [*2]denying reargument (id. at 429; see generally Chevalier v 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 414 [1st Dept 2011]). M-208 — Tantaros v Krechmer Motion to strike Tantaros' brief or reconsider denial of motion to compel plaintiff to pay costs of joint record granted to the extent of striking the portions of the brief that relate to the cross-appeal, and otherwise denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024