Tantaros v Krechmer (2024 NY Slip Op 50351(U))

[*1]

Tantaros v Krechmer

2024 NY Slip Op 50351(U)

Decided on March 28, 2024

Supreme Court, New York County

Ramseur, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 28, 2024
Supreme Court, New York County

Andrea K. Tantaros, ASTERO, LLC, 
 A NEW JERSEY LIMITED LIABILITY COMPANY, Plaintiff,

against
Michael Krechmer AKA MICHAEL MALICE, Defendant.

Index No. 650476/2018

Andrea Tantaros: pro se
Michael Krechmer: Jay Wolman, Randazza Legal Group, PLLC

Dakota D. Ramseur, J.

The following e-filed documents, listed by NYSCEF document number (Motion 031) 597, 598, 599, 600, 601, 602, 608, 609, 610, 611, 612, 613, 614, 615, 616, 617, 618, 619, 620, 621, 622, 623, 624, 627, 628 were read on this motion to/for SANCTIONS.
In January 2018, plaintiff Andrea Tantaros commenced this breach of contract and defamation action against defendant Michael Krechmer over an agreement the parties entered that required him to perform certain editorial work on a book she purportedly authored. In this motion sequence (031), defendant moves pursuant to CPLR 3126 for sanctions against plaintiff for her alleged failure to turn over documents pursuant to his discovery requests dated October 17, 2019, and as ordered by this Court in motion sequences 013, 015, and 027. (See NYCEF doc. no. 217, mot. seq 013, Decision and Order, dated 3/02/2020; NYSCEF doc. no. 215, MS 013, so-ordered transcript dated 1/24/20; NYSCEF doc. no. 281, mot. seq. 015, Decision and Order, dated 11/10/2020; NYSCEF doc. no. 585, mot. seq. 027, Decision and Order, dated 11/24/2023.)
As the Court recounted in its Decision and Order dated 11/24/2023 (hereinafter, the "November 2023 Decision"), in October 2019, Justice Marin consolidated three motions (mot. seq. 010, 011, and 012) for resolution. In his on-the-record decision, he denied defendant's motion for a default judgment on his breach of contract counterclaim (010), denied his motion to dismiss plaintiff's complaint (011), but granted plaintiff's motion for summary judgment on her defamation and breach of contract claims (012). Thereafter, defendant served a discovery demand entitled "Notice for Discovery and Inspection Regarding Damages" dated October 17, [*2]2019, with 130 such requests ("the October 2019 Demands"). (NYSCEF doc. no. 192.) That same October, plaintiff moved for a protective order limiting the disclosures defendant sought. (NYSCEF doc. no. 194, mot. seq. 013, notice of motion.) Over two hearings—on January 24 and February 28, 2020—Justice Marin limited certain disclosures while outright denying protective orders on others. (See NYSCEF doc nos. 215; NYSCEF doc. no. 241, so-ordered transcript dated 2/28/20.)[FN1]
Justice Marin gave plaintiff 60 days to respond to the discovery requests as described in the transcript. In May 2020, after the 60-day period had elapsed, defendant brought a motion for sanctions pursuant to CPLR 3126 over plaintiff's continued failure to respond to the October 2019 Demands. (See NYSCEF doc. no. 238, mot. seq. 015, notice of motion.) On November 29, 2020, Justice Marin entered an order stating, "Motion 015 is resolved pursuant to the record, by which parties will exchange discovery by December 1, 2020." (NYSCEF doc. no. 281, decision and order dated 11/9/2020.)
In March 2023 (after several stays), defendant again moved for discovery sanctions based on plaintiff's failure to respond to the October 2019 Demands. The Court resolved that motion in the November 2023 Decision. Therein, the Court found that plaintiff's response to defendant demands "did not comply with Justice Marin's January and February 2020 rulings." (NYSCEF doc. no. 585 at 3.) More specifically, the Court found that plaintiff had falsely asserted that Justice Marin had disallowed requests 35-41 and 89; that she directly disregarded requests 60-68; that "upwards of twenty or more responses" were deficient given how few documents she turned over; that "it strains credulity" that a single document amounted to the totality of responsive documents in her possession as to a request for "any and all communications with Fox News Channel regarding and/or mentioning [her] book;" that it "defies belief that plaintiff does not have any responsive documents regarding her termination (request 8), the sales of her book (request 11), or the formal complaints she made against Fox News Executives" (emphasis original); and that she provided no letters, records, or calls evincing her efforts to obtain new employment. (Id. at 3-5.)
Despite these findings, the Court declined to impose sanctions on grounds that (1) public policy weighs heavily against striking pleading, especially where the Court has already granted plaintiff summary judgment, and (2) this was the first instance in which the Court had determined that her substantive responses were deficient. (Id. at 5-6.) Instead, the Court ordered her "to respond to defendant's discovery demands dated October 17, 2019, consistent with Justice Marin's Decision and Order dated March 2, 2020, the accompanying so ordered transcripts dated January 24, 2020, and February 28, 2020, and this Court's Decision and Order within thirty (30) days from its entry." (Id. [emphasis added].) The Court gave plaintiff until December 22, 2023, to comply with its order. On December 23, 2023, plaintiff sent defendant an email accusing his counsel of concealing conferences with Justice Marin on May 11, 2020, June 23, 2020, August 4, 2020, August 27, 2020, and November 9, 2020, and Justice Marin of "keep[ing] all communications off the docket." (NYSCEF doc. no. 596 at 2.) She alleges that at these conferences Justice Marin narrowed the scope of the demands and that defendant and his counsel "misled" this Court in its November 2023 Decision. (Id.) Defendant's counsel avers that plaintiff attached to her letter nothing more than her previous, insufficient discovery responses.
On January 12, 2024, defendant once again moved for sanctions and now seeks orders striking plaintiff's complaint and/or precluding evidence on grounds that she failed to serve discovery responses by the Court-ordered deadline. Lastly, on March 7, 2024, after the instant motion was deemed fully submitted, the First Department modified the Court's Decision and Order in motion sequence 021, thereby denying plaintiff summary judgment on her breach-of-contract claim and reinstating one of defendant's claims. (Tantaros v Krechmer, 2024 NY Slip Op 01261 [1st Dept 2024].) At this juncture, then, plaintiff has not obtained an order granting her summary judgment on either her contract or defamation causes of action. For the following reasons, the defendant's motion for sanction is granted.
DISCUSSION
CPLR 3126 gives the trial court broad discretion to fashion appropriate discovery sanctions. (See U.S. Bank N.A. v Sirota, 189 AD3d 927, 929 [2d Dept 2020]; Lopez v Maggies Paratransit Corp., 210 AD3d 1066, 1067 [2d Dept 2022].) However, striking a party's pleadings is only authorized under the statute when a party "refuses to obey an order for disclosure or willfully refuses to disclose information which the court finds ought to have been disclosed." (Carnegie Assoc. Ltd. v Miller, 94 AD3d 404, 404 [1st Dept 2012].) Once a showing has been made that the failure to comply with discovery demands or court orders was willful and contumacious, the burden shifts to the opponent to establish a reasonable excuse for its default. (Lopez, 210 AD3d at 1067; see also Pimental v City of New York, 246 AD2d 467, 468 [1st Dept 1998]; Jenny H.B. v C. Joel B., 180 AD3d 406, 407 [1st Dept 2020].) Nonetheless, even where the proffered excuse is "less than compelling," courts should refrain from striking pleadings given the strong public policy preference that favors resolutions of actions on their merits. (Youwanes v Steinbrech, 193 AD3d 492, 492-493 [1st Dept 2021].)
Here, defendant has established that plaintiff's refusal to comply with now three court orders was willful and contumacious. In its previous decision, the Court made an exhaustive list of each discovery demand to which Justice Marin ordered plaintiff to respond: 3-8, 18-24, 27-28, 35-43, 47-48, 50-51, 55-56, 60-71, 73, 74, 77, 79, 81-82, 86-107, and 118-119. For 9-10 and 14-17, it then noted that plaintiff was required to produce communications, logs, letters, calls, and contracts related to her effort to obtain employment after termination, any opportunities she had to publicize her book, and conversations she had with third parties regarding defendant. For 57-58, Marin ordered her to turn over federal and state tax returns from 2014-2018. And for 60-71, the Court found that Marin had permitted discovery demands regarding "Mr. Krechmer's view of her that is negative, that any reasonable person would think is critical or negative." In doing so, the Court provided plaintiff with a road map as to how her previous disclosures were deficient and what would be required to satisfy the Court's order by December 22, 2023. Nonetheless, plaintiff did not supplement her response or turn over any additional documents.
In opposition, plaintiff does not proffer an excuse that can even be considered "less than compelling." First and foremost, her opposition contains entirely unsubstantiated accusations against both defendant and Justice Marin. Plaintiff describes five conferences with Justice Marin, all of which were allegedly off the record. Further, she alleges defendant's counsel "concealed" them from this Court when it was deciding mot. seq. 027. Yet transcripts for the May 11, 2020 and June 23, 2020 hearings can be found at NYSCEF doc. no. 258 and NYSCEF doc. no. 259. They make clear that Justice Marin did not discuss, let alone expand, the breadth of [*3]the protective order plaintiff sought in mot. seq. 013. Nor do they show that he in any way limited his January 24 and February 28, 2020 rulings. With respect to the November 9, 2020 hearing, the Court references it in its November 2023 Decision when discussing her attorney Bruce Fein's affidavit. (See NYSCEF doc. no. 585 at 4.) Significantly, Fein, who describes turning over responsive material to defendant, does not allege in his affidavit that Marin changed or altered his previous rulings. (See NYSCEF doc. no. 581, Fein affidavit.) Indeed, even in her opposition papers to mot. seq. 027, plaintiff does not argue that Justice Marin limited his January and February rulings in these subsequent hearings. Plaintiff raises this argument (without specifying how Justice Marin changed his ruling) for the first time in this motion. In sum, plaintiff has proffered no evidence, in any form, that would suggest that Judge Marin altered his ruling. But even if she had this evidence, plaintiff did not move to reargue or renew the Court's November 2023 Decision and Order. Instead of using the options available to her, she willfully ignored this Court's order, which—irrespective of any changes Justice Marin may or may not have made—directed her to supplement her discovery responses as consistent with Marin's ruling and its own findings. Lastly, while the Court exercised its discretion in the November 2023 Decision and Order and denied sanctions, those same considerations do not apply on this motion sequence. First, although public policy still favors adjudicating actions on their merits, the weight given to such policy is no longer, in the Court's previous words, "particularly potent" given that the Court is no longer confronted with sanctioning a plaintiff who has already obtained summary judgment on a claim. Second, unlike on the previous motion, plaintiff can no longer argue that this is the first instance in which a Court has deemed her substantive responses to be deficient.
Accordingly, since plaintiff's failure to comply with three court orders was willful and contumacious and she has not advanced a reasonable justification, sanctions are warranted. (See JP Morgan Chase Bank N.A. v Nehorayoff, 223 AD3d 655, 658 [1st Dept 2024] [single failure to comply with court discovery order, along with failure to timely oppose motions to strike, sufficient to warrant striking amended answer]; Morales v Valeo, 218 AD3d 676, 678 [2d Dept 2023] [Willful and contumacious conduct inferred from defendant's "repeated failures over an extended period of time to comply with court-ordered discovery"]; Moore v Nizam, 192 AD3d 641, 642 [1st Dept 2021] [Motion court providently exercised its discretion in striking the complaint and dismissing the action since plaintiff failed to explain why he did not comply with six discovery orders issued between 2018 and 2019]; Almonte v KSI Trading Corp., 172 AD3d 660, 661 [1st Dept 2019] ["Court properly granted defendants' motion pursuant to CPLR 3126, since plaintiff's continued pattern of noncompliance with court orders warranted an inference of willful noncompliance"]; SW Prods., Inc. v CBGB Festival, LLC, 172 AD3d 593, 593 [1st Dept 2019] [Provident exercise of motion court's discretion where record demonstrates plaintiff willfully and contumaciously failed to comply with its discovery obligations as set forth in several court orders]; HSBC Bank USA, N.A. v Branker, 177 AD3d 954, 957-959 [2d Dept 2019] [finding plaintiff's excuse for failing to comply unavailing since it did not pursue appeals of previous orders; sanctions deemed appropriate where court directed plaintiff to disclose documents in two separate orders].) Since plaintiff has repeatedly ignored this Court's order and failed to show a good-faith effort to address defendant's discovery demands (see CDR Creances S.A.S v Cohen, 23 NY3d 307, 317-318 [2014]), the Court grants defendant's motion and the complaint is dismissed.
Accordingly, for the foregoing reasons, it is hereby:
ORDERED that defendant Michael Krechmer's application for sanctions and to strike plaintiff Andrea Tantaros' complaint pursuant to CPLR 3126 is granted, and plaintiff's complaint is stricken; and it is further
ORDERED that counsel for defendant shall serve a copy of this order, along with notice of entry, on all parties within twenty (20) days of entry.
This constitutes the Decision and Order of the Court.
DATE 3/28/2024
DAKOTA D. RAMSEUR, J.S.C.

Footnotes

Footnote 1:For a full discussion on which disclosure Justice Marin limited, see the Court's Decision and Order dated November 24, 2023.